No. 8878.

## POWELL ET AL. *v.* BUNGER.

**JUDGMENT.**—*Real Estate, Action to Recover.*—*New Trial of Right.*—*Payment of Costs.*—*Condition Precedent.*—Under the provisions of section 601 of the civil code of 1852 (2 R. S. 1876, p. 252), the payment of all costs and of the damages, if the court so direct, by the party against whom judgment is rendered, in an action involving the title to real estate, is made a condition precedent to his application for a new trial, as a matter of right; and the court has no discretionary power to dispense with his compliance with this condition, without the consent of the judgment plaintiff.

**SAME.**—*Voluntary Payment of Costs.*—*Injunction.*—Where, in such a case, the party against whom judgment is rendered, with a full knowledge of the facts, but, through a mistake of law, voluntarily pays costs which he was not required to pay, he can not recover of the judgment plaintiff the costs so paid, by execution, fee-bill or otherwise; and where an execution or fee-bill has been issued for the collection of the costs so paid from the judgment plaintiff, he may enjoin the enforcement of such writ.

From the Ohio Circuit Court.

*J. B. Coles* and *W. S. Holman,* for appellants.

*A. C. Downey,* for appellee.

HOWK, J.—In this case, the appellee sued the appellants to perpetually enjoin them from collecting certain costs, and to set aside a fee-bill or execution issued therefor. The trial of the cause by the court resulted in a finding and judgment for the appellee for an injunction as prayed for, and for damages in the sum of ten dollars, and the costs of suit. From this judgment, the defendants below have appealed to this court and have here assigned, as errors, several decisions of the trial court, which we will briefly consider and pass upon.

The first error complained of by the appellants is the overruling of their demurrer, for the alleged want of facts, to appellee's complaint. It was alleged in substance, in his complaint, that, on the 19th day of June, 1879, the appellee commenced an action in the court below, against the appellants, Lucinda, George W., William J., and Marcus L. Powell, for damages for disturbing him in the use of a certain alleged highway and a certain private way ; that issues were formed in said cause, which were adjudged by the court to involve the title to real estate ; that, on the trial of the case, there was a verdict for the appellee on the paragraph of the complaint, relating to the private way, and judgment was rendered thereon ; that afterwards the appellants, the Powells, paid up all the costs in said cause, except certain costs which the court had ordered to be taxed to appellee, and thereupon moved the court for a new trial of said cause, as of right, which was granted ; that afterwards, at the November term, 1879, of said court, the appellants, the Powells, obtained an order from said court, setting aside the former order granting a new trial, and thereupon, without the appellee's request or consent, paid to the clerk of said court the said costs, which had been so taxed to the appellee, to wit, the sum of $129.85, and thereupon asked and again obtained the grant of another new trial as of right. The appellee further alleged, that, notwithstanding the said Powells so paid the said costs of their own motion, and to obtain a new trial as of right, and without any judgment to justify the same, they did on the 15th

day of November, 1879, cause a fee-bill or execution to issue to the sheriff of Ohio county, for the costs so paid by them; and that the sheriff had levied the said writ on the appellee's personal property and was about to sell the same, and would do so, if not enjoined from so doing.    Wherefore, etc.

It will be seen from the allegations of the complaint, in the case at bar, that, in the former action between the parties, a new trial was granted the appellants, the defendants, in both actions, as a matter of right, under the provisions of section 601, of the civil code of 1852.    Section 601 provides as follows: "The court rendering the judgment, at any time within one year thereafter, upon the application of the party against whom the judgment is rendered, his heirs or assigns or representatives, and upon the payment of all costs, and of the damages, if the court so direct, shall vacate the judgment and grant a new trial.    The court shall grant but one trial, unless for good cause shown."

From the proceedings of the appellants in the former case, as stated in the complaint in the case now before us, it is manifest that they were in doubt in regard to the costs, which they were required to pay under the statute, before they would be entitled to demand, as a matter of right, the vacation of the former judgment and the granting of a new trial.    It would seem that in the first instance they paid their own costs and those costs which the appellee recovered of them, leaving unpaid the costs taxed by the court against the appellee, and that, upon such payment, they applied for and obtained a new trial under the statute.    It would further seem, however, that thereafter they were in doubt in regard to the new trial thus granted, upon such payment of costs; for, afterwards, they applied to the court to set aside the new trial so granted, and, this having been done, they also paid the costs taxed by the court against the appellee, and, upon this latter payment of costs, they again applied for and obtained a new trial, under the provisions of the statute, as a mere matter of right.    It will be seen from the section of the statute above quoted, that the trial

court was thereby authorized to vacate the judgment and grant a new trial only "upon the payment of all costs."

Under this statutory provision, it seems to us that, before the judgment defendant can demand, as a matter of right, the vacation of the judgment and a new trial of the action, he must pay all the costs accrued in the cause except such, if any, as he may have recovered a judgment for against the judgment plaintiff. This section of the code has often been the subject of consideration by this court, and it has been uniformly held that the payment of all costs is thereby made a condition precedent to an application for an order vacating the first judgment, and granting a new trial, as a mere matter of right. The statute, which gives the right to such new trial, does so upon the inflexible condition of the payment of all costs, and the trial court has no discretionary power to dispense with this condition without the consent of the judgment plaintiff. The statute alone confers the right to such new trial, and where all the costs have not been paid, as the statute requires, the right can not be claimed, but is wholly lost. *Zimmerman* v. *Marchland*, 23 Ind. 474; *Ferger* v. *Wesler*, 35 Ind. 53; *Whitlock* v. *Vancleave*, 39 Ind. 511; *Crews* v. *Ross*, 44 Ind. 481; *Golden* v. *Snellen*, 54 Ind. 282.

In the case at bar, we are of the opinion that the payment of the costs taxed to the appellee, and for which no judgment had been rendered either for or against him, was a necessary condition precedent to the appellants' application for the vacation of the first judgment, and for a new trial of the former action.

If it were otherwise, however, under the allegations of the complaint, the appellants, the Powells, were not liable in any manner or to any extent for the costs taxed to the appellee, or any part thereof; and therefore, in their payment of such costs, they were mere volunteers. Where money is paid, with a full knowledge of all the facts and circumstances of the case, such money can not be recovered back upon the ground that the party making such payment supposed he was bound in law

to pay it, when, in truth, he was not so bound. *Lima Township* v. *Jenks,* 20 Ind. 301 ; *The Lafayette, etc., Railroad Co.* v. *Pattison,* 41 Ind. 312; *The Town of Edinburg* v. *Hackney,* 54 Ind. 83.

Whether, therefore, the appellants, the Powells, paid the said costs so taxed to the appellee, because, under the law, they were required to pay the same as a condition precedent to their right to vacate the first judgment and obtain a new trial, or were mere volunteers, in the payment thereof, we are of the opinion that they can not, in either event, recover them from or enforce their collection against the appellee or his property. Therefore, the court did not err in overruling the demurrer to the complaint under consideration.

What we have said on this point will also dispose of the alleged error of the court, in sustaining the appellee's demurrer to the appellants' answer. There is no substantial difference between the facts stated in the complaint, and those stated in the answer. It appears from the answer, as well as from the complaint, that the costs in controversy were costs taxed to the appellee, which he did not recover from the appellants, in his first judgment, and which he was required to pay. The appellants were at first in doubt, as to whether the statute did, or did not, require them to pay these costs as a condition precedent to their application for a new trial as a matter of right. They finally concluded to pay, and did pay, the costs in question ; but they made such payment voluntarily, with a full knowledge of all the facts of the case, and without the appellee's consent or request. For a payment thus made, they have no claim against the appellee, which the law will enforce. The demurrer to the answer was correctly sustained.

The evidence is not in the record, and, therefore, no question is presented by the alleged error of the court, in overruling the motion for a new trial.

The judgment is affirmed, at the appellants' costs.