CITY OF EVANSVILLE *v.* RICHARD WALKER, ON BEHALF OF HIM-
SELF AND ALL OTHERS SIMILARLY SITUATED.

[No. 1-574A89.  Filed November 6, 1974.]

*Cox, Schroeder, Dodd, Staser & Mitchell,* of Evansville, for appellant.

*Ronald Warrum,* of Evansville, for appellee.

ROBERTSON, P.J.—Defendant-appellant, City of Evansville, appeals from a summary judgment ordering it to repay traffic fines found to have been erroneously collected from plaintiff-appellees, Richard Walker and others similarly situated.

Two issues are presented for our review:

(1) Was the trial judge correct in finding that the city lacked the authority to impose the fines?

(2) Did the trial judge err in ordering that the fines must be refunded?

We affirm the finding that the citations were improperly issued, but reverse as to the repayment of fines.

On August 11, 1969, the Evansville police began issuing traffic tickets for parking violations on lots surrounding the Civic Center, a complex of governmental buildings in Evansville. On January 13, 1971, enforcement began on a parking lot owned by the United States government next to the post office.

As a result of these enforcement efforts, Walker and the other appellees received various traffic tickets. They paid the fines without protesting or questioning the city's power to issue the citations.

In May of 1972, the appellees filed their complaint alleging that the city lacked authority to issue the citations and asking that the fines be refunded. The parties agreed that there were no issues of material fact and stipulated that the issues of law be decided by the court were identical to those presented for our review on this appeal.

The trial court found in favor of the appellees ruling that the city lacked authority to issue the tickets and ordered the city to repay the fines that were collected.

## ISSUE ONE

The first issue before the trial court was whether the city ordinances which purported to regulate parking on "streets" could be applied to regulate parking in parking lots. Local communities are authorized to regulate parking on streets and highways by IC 1971, 9-4-1-28 (Burns Code Ed.).

The city contends that the parking lots fall within the definition of "street or highway" as found in IC 1971, 9-4-1-14 (Burns Code Ed.).

"Street or highway. The entire width between the boundary lines of every way publicly maintained when any part thereof is open to the use of the public for purposes of vehicular travel."

We disagree. Words and phrases of a statute or ordinance should be taken in their plain, ordinary and usual sense. It seems clear enough that the above definition would not pertain to a parking lot, especially in light of another statute applicable to municipal corporations which gives a specific definition of parking lot; IC 1971, 19-5-11-3, Ind. Ann. Stat. § 48-8472 (Burns Supp. 1973).

## ISSUE TWO

The city contends that even if the fines were improperly collected, they are not recoverable since they paid voluntarily as a result of a mistake of law.

The general rule is that:

". . . a voluntary payment made under a mistake or in ignorance of law, but with a full knowledge of all the facts, and not induced by any fraud or improper conduct on the part of the payee, cannot be recovered back." 23 I.L.E., Payment § 43, p. 136; *Accord Powell* v. *Bunger* (1881), 79 Ind. 468; *Snelson* v. *State* (1861), 16 Ind. 29.

The appellees had the opportunity to plead not guilty and challenge their citations. Instead they chose to plead guilty and voluntarily pay their fines under the mistaken belief that valid city ordinances covered the lots in question. Under the above rule of law the fines, therefore, are not recoverable.

The judgment of the trial court is affirmed as to Issue One and reversed and remanded as to Issue Two with instructions to grant all proper relief not inconsistent with this opinion.

Lowdermilk and Lybrook, JJ., concur.

NOTE.—Reported at 318 N.E.2d 388.