GEORGE CONSTANTINE, ROBERT H. STATON, DEERFIELD CIVIC LEAGUE *v.* CITY-COUNTY COUNCIL OF MARION COUNTY, METRO-POLITAN DEVELOPMENT COMMISSION OF MARION COUNTY.

[No. 776S219. Filed December 1, 1977.]

*John F. Ittenbach, Feeney & Ward,* of Indianapolis, for appellants.

*James R. Nickels,* of Indianapolis, *Franklin I. Miroff,* of Indianapolis, *John Mercer,* Assistant Corporation Counsel, *David Rees,* Deputy Corporation Counsel, of Indianapolis, for appellees.

PIVARNIK, J.—This appeal is before us on appellee's Motion to Dismiss on the ground that no issue is raised herein since there is neither a final judgment from which to appeal nor a proper motion to correct errors based on a precise final judgment. Since one of the Judges of the Court of Appeals is a party to this action, the Supreme Court has exercised original jurisdiction of this appeal pursuant to its appellate authority.

On March 19, 1975, the Metropolitan Development Commission of Marion County heard a petition for a C-1 rezoning classification of property located at the southeast corner of 96th Street and Ditch Road. The Development Commission recommended granting of the petition and the City-County Council subsequently adopted an ordinance approving and changing said zoning classification. The original complaint

was filed by plaintiffs-appellants on April 17, 1975, in Marion Superior Court, seeking relief from the action of the Development Commission's recommendation to approve the request for rezoning. Plaintiffs-appellants claimed that the Metropolitan Development Commission had violated many of its own internal rules in conducting the hearing, which particularly prejudiced their position. The action was brought for a statutory writ of certiorari. Appellees filed a motion to dismiss alleging that a statutory writ of certiorari was not available from a recommendation of the Development Commission. In response, appellants filed an amended complaint for judicial review and added the City-County Council as a defendant in the action. The defendants moved to dismiss plaintiffs' amended complaint for judicial review under Ind. R. Tr. P. 12 for the reason that "said complaint and allegations therein set out show on its face that neither the statutory remedy nor any common law remedy of judicial review is permitted or authorized in this cause." On September 23, 1975, the court made the following entry: "Defendant's motion to dismiss granted."

It is the appellees' contention here that the entry of September 23 was not a final judgment from which an appeal could have been taken. We agree with the appellees that an order merely sustaining a motion to dismiss, without any judgment thereon, is not an appealable matter.

This case presents the same situation found in *Hendrickson v. American Fletcher Nat'l Bank & Trust Co.*, (1973) 158 Ind. App. 20, 301 N.E.2d 530. In the *Hendrickson* case part of defendant-appellee's motion to dismiss alleged failure to state a claim upon which relief could be granted, along with other grounds. The trial court merely sustained the motion to dismiss, as did the trial court here, without entering judgment thereon. Assuming that the trial court's sustaining of the motion to dismiss was based partially on failure to state a claim, the Court of Appeals in *Hendrickson* stated, 158 Ind. App. at 22-23, 301 N.E.2d at 531-32:

"The Court's Order did not specify upon which allegation of the defendant's motion it was granted, therefore, we assume the Court based its ruling on all three points. Since the defendant's motion to dismiss alleged in part that the plaintiff's complaint failed to state a claim upon which relief could be granted, the plaintiff had a period of ten days during which he could have pleaded over, as a matter of right, before judgment could have been entered.

"There is no question that if, after the ten day period provided for the plaintiff to plead over, the trial judge had made an entry showing that 'the plaintiff having failed to plead over, the cause is now dismissed,' such would have been a final appealable judgment."

Appellants argue that the motion to dismiss in the trial court was actually directed to the jurisdiction of the court under Ind. R. Tr. P. 12 (B) (1), which provides for a defense on the grounds of lack of jurisdiction over the subject matter. Appellants find support for their position from the transcript which shows that on July 3, 1975, following a pre-trial conference, the court made the following statement in requesting memorandums of law to be submitted by the parties: "Judgment as to jurisdiction to be made on the pleadings." Further, plaintiffs-appellants' response to the motion to dismiss below was framed in the defense of jurisdiction of the court, presuming that to be the grounds for the motion to dismiss. Defendants reply brief was quite terse, and restated their right to a dismissal "under Trial Rule 12."

As in the *Hendrickson* case, *supra*, the action of the court here was merely to grant the motion to dismiss, without deciding the grounds relied upon for this entry. We must presume then, for purposes of considering this entry, that the court granted the motion to dismiss for all of the grounds stated in the petition. We must look then to the motion that was filed and granted by the court. The motion to dismiss asked for dismissal on the ground that under Trial Rule 12, "said complaint and allegations therein set out show on its face that neither the statutory remedy nor any common law remedy of judicial review is permitted or authorized in this

cause." This is certainly saying that the amended complaint failed "to state a claim upon which relief can be granted," a defense provided for in Ind. R. Tr. P. 12 (B) (6). The fact that the exact words of the Trial Rule were not used in the motion did not alter the substance of what such motion said. Ind. R. Tr. P. 12 (B) (8) provides that:

> "When a motion to dismiss is sustained for failure to state a claim under subsection (B) (6), of this rule the pleading may be amended once as of right pursuant to Rule 15(A) within ten [10] days after service of notice of the court's order sustaining the motion and thereafter with permission of the court pursuant to such rule."

The plaintiff thus had a right and opportunity to plead over within ten days, which he failed to do. He filed a motion to correct errors which was simply overruled by the court. There is no further entry by the court in this record and therefore no judgment has been entered. *Starke Memorial Hospital* v. *Todd Equipment Leasing Co., Inc.*, (1975) 166 Ind. App. 103, 333 N.E.2d 925; *Hansbrough* v. *Indiana Revenue Bd.*, (1975) 164 Ind. App. 77, 326 N.E.2d 599; *Hendrickson* v. *American Fletcher Nat'l Bank & Trust Co., supra.*

Appellees' motion to dismiss is granted and this appeal is ordered dismissed.

All Justices concur.

NOTE.—Reported at 369 N.E.2d 636.