Charles E. MILLER, Kay F. Miller, Appellants (Plaintiffs below),

v.

Richard G. VANCE, Vicki J. Vance, Madison County Bank and Trust Company, Anderson Banking Company, Floyd Jackey, Betty A. Vance, James L. Robinson, June L. Robinson, Dewain McCarroll, Cynthia D. McCarroll, Appellees (Defendants below).

No. 483S146.

Supreme Court of Indiana.

May 18, 1984.

James E. Freeman, Jr., Jonathan R. Builta, Sansberry, Dickmann, Dickmann & Freeman, Anderson, for appellants.

Stephen R. Hardacre, Busby, Austin, Cooper & Farr, Anderson, for Anderson Banking Co.

John E. Eisele, Anderson, for Madison County Bank & Trust Co.

HUNTER, Justice.

In September, 1980, the plaintiffs-appellants, Charles and Kay Miller, took two mortgages on certain real estate owned by Richard and Vicki Vance to secure pre-existing debts owed them by the Vances.

The Millers took the mortgages with the knowledge that there were already three underlying mortgages on the Vances' property. The primary mortgage was held by Anderson Banking Company (ABC) and had been recorded on December 6, 1972. A second mortgage was held by the Madison County Bank and Trust Company (MCBT) and was recorded on November 27, 1978, but covered only a one-half undivided interest in the property. A third mortgage was held by Floyd and Margaret Jackey and was recorded on October 25, 1979, and also covered only a one-half undivided interest in the property.

The Millers brought a complaint to foreclose their mortgages on Vances' property on September 19, 1980, three days after their mortgages were recorded. They did not question the validity or priority of the Jackeys' mortgage, but they argued that the mortgages of ABC and MCBT were void and unenforceable because both mortgages were prepared by bank employees who were not attorneys. The trial court entered a judgment upholding the validity and priority of the two banks' mortgages and the Millers now appeal from that judgment.

This Court has exclusive jurisdiction in this case since the basic question concerns the alleged unauthorized practice of law by the bank employees in filling out the mortgage forms, and this Court is charged with the duty of supervising and controlling the practice of law in this state. Ind. Const. Art. 7 § 4; Ind.R.Ap.P. 4(A)(3); *State v. Indiana Real Estate Association, Inc.*, (1963) 244 Ind. 214, 191 N.E.2d 711; *Miller v. Credit Bureau*, (1973) 156 Ind. App. 341, 296 N.E.2d 673.

The Millers now allege that the preparation of a mortgage instrument by a bank employee who is not an attorney constitutes the unauthorized practice of law. This Court has not attempted to provide a comprehensive definition of what constitutes the practice of law because of the infinite variety of fact situations which must each be judged according to its own specific circumstances. However, we have stated that one of the basic elements in the practice of law is the giving of legal advice:

"The core element of practicing law is the giving of legal advice to a client and the placing of oneself in the very sensitive relationship wherein the confidence of the client, and the management of his affairs, is left totally in the hands of the attorney. The undertaking to minister to the legal problems of another creates an attorney-client relationship without regard to whether the services are actually performed by the one so undertaking the responsibility or are delegated or subcontracted to another."

*Matter of Perrello*, (1979) 270 Ind. 390, 398, 386 N.E.2d 174, 179.

Furthermore, we have found the filling in of blanks in legal instruments is not generally considered to be the practice of law:

"Generally, it can be said that the filling in of blanks in legal instruments, prepared by attorneys, which require only the use of common knowledge regarding the information to be inserted in said blanks, and general knowledge regarding the legal consequences involved, does not constitute the practice of law. However, when the filling in of such blanks involves considerations of significant legal refinement, or the legal consequences of the act are of great significance to the parties involved, such practice may be restricted to members of the legal profession."

*State v. Indiana Real Estate Assn., Inc.*, 244 Ind. at 220, 191 N.E.2d at 715.

We specifically considered the situation of real estate brokers and agents and found that their filling in of the blanks of many legal instruments used in real estate transactions, with the single express exception of the execution of deeds, did not constitute the practice of law. *Id.*, 244 Ind. 226, 191 N.E.2d 717. However, in another case, we found that a layman who was paid to negotiate for another the settlement of a claim for loss or damages and was not an employee or agent of an insurance company was engaged in the unauthorized prac-

tice of law. *Professional Adjusters, Inc. v. Tandon,* (1982) Ind., 433 N.E.2d 779.

In the instant case, appellants ask us to consider the situation of lay employees of banks who prepare mortgage instruments used by the banks and their client mortgagors. They argue that this Court has limited the types of legal instruments which may be executed by real estate brokers to those specifically enumerated in *State v. Indiana Real Estate Association, Inc.* and that we stated that the execution of legal instruments other than those listed was limited to members of the legal profession. They point out that mortgages were not among the documents which we specifically stated could be prepared by real estate brokers and agents.

We find these arguments are not applicable to the facts of this case, as we are here dealing with bank employees rather than real estate agents. Furthermore, our opinion contained certain qualifying language:

"For the reasons hereinbefore stated, it is our opinion that the real estate brokers and agents should, within the limitations heretofore specified, be, and hereby are, permitted to fill in the forms of the following legal instruments prepared by attorneys, *the use of which is here placed in issue:* Listing Agreement; Earnest Money Contract; Proposition; Offer to Purchase; Option; Option [with listing clause]; Affidavit [real estate vendor]; Purchase Agreement; Exchange Agreement; Bill of Sale; Lease [short form], Contracts of Sale.

.   .   .   .   .   .   .

"For the reasons hereinabove stated, the injunction is granted, insofar as 'standard legal forms,' *now used by respondent realtors, and made exhibits in the pleadings,* are not within the list of those hereinabove enumerated, and the injunction is denied as to the use of the above enumerated forms by respondents."

*State v. Indiana Real Estate Association, Inc.,* 244 Ind. at 226, 191 N.E.2d at 717 (emphasis added). The record shows that the omission of the term "mortgage" from the list of documents approved for use by realtors reflects the fact that that type of document was not made an exhibit to the pleadings and its use was apparently not questioned by realtors.

The instant case does not deal with real estate brokers but rather involves the lay employees of banks performing the routine service of filling in information on standard real estate mortgage forms. This service is incidental to and directly connected with the bank's regular business of making loans. The bank employees here were involved in preparing documents for routine business transactions with which they were thoroughly familiar in the same manner in which real estate brokers were involved in preparing documents routinely associated with their real estate transactions. While it is true that the preparation of mortgage instruments might be classified as the practice of law in some circumstances, that is not the case here. It is appropriate for bank employees to fill in the blanks on approved mortgage forms which have been prepared by attorneys in the same manner it is appropriate for real estate brokers to fill in the blanks on standard forms for real estate transactions.

■ Appellants further argue that our opinion in *State v. Indiana Real Estate Association, Inc.* expressly limited the preparation of mortgages to attorneys because of the following dicta in that case:

"Furthermore, it is our opinion that the execution of legal instruments, other than those listed above, by persons other than the parties to the transaction, should be limited to members of the legal profession."

*State v. Indiana Real Estate Association, Inc.,* 244 Ind. at 226, 191 N.E.2d at 717 (footnote omitted). This language is not binding since it is only a statement of a general rule and was written within the context of real estate agent transactions. As we have pointed out above, actions which may or may not constitute the unauthorized practice of law must be considered within their own specific circumstances. In *State v. Indiana Real Estate Association, Inc.,* we have clearly listed

certain legal instruments which can be prepared by real estate brokers and we have expressly excluded the execution of deeds from that list. We did not consider mortgages in that case nor banks and their employees.

It would be an unreasonable burden on the public for us to assert impractical and technical restrictions that have no reasonable justification on banks and their employees who are completing an integral part of their daily business transactions. Our finding here is consistent with the majority of other jurisdictions where this issue has been considered. Our rule here comports with the general rule that the drafting of documents, when it is incidental to the work of a specific occupation, is not generally considered to be the practice of law. *Pope County Bar Association, Inc. v. Suggs,* (1981) 774 Ark. 250, 624 S.W.2d 828; *State Bar v. Guardian Abstract and Title Company, Inc.,* (1978) 91 N.M. 434, 575 P.2d 943; *Oregon State Bar v. Security Escrows, Inc.,* (1962) 233 Or. 80, 377 P.2d 334; *State ex rel. Reynolds v. Dinger,* (1961) 14 Wis.2d 193, 109 N.W.2d 685; *Ingham County Bar Association v. Walter Neller Company,* (1955) 342 Mich. 214, 69 N.W.2d 713; *La Brum v. Commonwealth Title Co. of Philadelphia,* (1948) 358 Pa. 239, 56 A.2d 246. Although Kentucky has adopted a contrary position, as appellants point out, the court in that state based its decision on specific statutory and case law requirements. *Kentucky State Bar Association v. Tussey,* (Ky.App. 1972), 476 S.W.2d 177.

Appellants further argue that one of the banks, MCBT, has admitted that the preparation of a mortgage constitutes the practice of law because of the following language which was printed at the top of the mortgage forms they used:

> "This instrument has been approved by the Indiana State Bar Association for use by attorneys only. The selection of a form of instrument, filling in of blank spaces, striking out provisions, and insertion of special clauses, constitutes the practice of law and should be done by an attorney."

There is no merit to this contention since the words at the top of the form represent a general opinion and do not constitute a binding definition. The determination of what constitutes the unauthorized practice of law in specific circumstances is the exclusive jurisdiction of this Court. Ind. Const. Art. 7 § 4.

We emphasize that there are certain limitations which apply to bank employees similar to those placed upon real estate brokers. A lay bank employee may fill in the blanks on a standardized mortgage form which has been approved by an attorney in a transaction which involves the employer bank and the bank's client. The lay bank employee may not give advice or opinions as to the legal effects of the instruments he prepares or the legal rights of the parties. The bank may not make any separate charge for the preparation of the mortgage instrument. *See State v. Indiana Real Estate Association, Inc.,* 244 Ind. at 224–225, 191 N.E.2d at 716–717.

Due to our finding that the bank employees here did not engage in the unauthorized practice of law, we affirm the validity of the mortgages held by both ABC and MCBT. It is not necessary to consider further any of the other issues raised by appellants.

For the reasons stated above, we find that lay employees of banks may fill in the blanks on approved standard mortgage forms for transactions between their bank and the client mortgagors, within the limitations specified above.

The judgment of the trial court is affirmed.

GIVAN, C.J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.