FOR PUBLICATION

ATTORNEY FOR APPELLANT
: 
ATTORNEYS FOR APPELLEE
:

ROBERT W. MCNEVIN, JR.
 
SIDNEY M. MISHKIN

Indianapolis, Indiana 
LESA C. FALL

Mishkin & Fall

Indianapolis, Indiana

IN THE

COURT OF APPEALS OF INDIANA

SHELBY ENGINEERING CO., INC., )

)

Appellant-Defendant, )

)

vs. ) No.  49A02-9804-CV-387

)

ACTION STEEL SUPPLY, INC., )

)

Appellee-Plaintiff. )

APPEAL FROM THE MARION SUPERIOR COURT NO. 13

The Honorable David A. Shaheed, Magistrate

Cause No. 49D13-9705-CP-0783

March 26, 1999

OPINION - FOR PUBLICATION

RUCKER, Judge

Due to the fraudulent conduct of one of its tenants, Shelby Engineering Co., Inc. received money belonging to Action Steel Supply, Inc.  When Shelby Engineering refused to return the money, Action Steel filed suit against Shelby Engineering as well as the tenant. The case proceeded to a bench trial after which the trial court entered judgment in Action Steel's favor.  Shelby Engineering now appeals raising numerous allegations of error which we consolidate and rephrase as:  (1) was the evidence sufficient to sustain the judgment, and (2) did the amount of the judgment represent double recovery. 

We affirm.
(footnote: 1) 

The record shows that in the fall of 1996 Action Steel was in the market for an overhead crane when it discovered one for sale in a building occupied by Thomas Melvin. Shelby Engineering owned the building but was leasing it to Melvin who was doing business as Speedway Pallet.  Shelby Engineering also owned the crane and had agreed to pay Melvin a $500.00 commission if he succeeded in selling it.  Giving the impression that it was he who owned the crane, Melvin entered negotiations with Action Steel for the crane's purchase.  The parties entered a written agreement that provided for a $25,000.00 purchase price with a $14,000.00 down payment.  Melvin received the down payment, deposited it into his own checking account, and purchased a cashier's check for $8,000.00.  The check was made payable to Shelby Engineering.  He then presented the check to George Hilgemeier, the president of Shelby Engineering, indicating that it represented a down payment from a buyer who was purchasing the crane.  Melvin told Hilgemeier that the purchase price was $24,000.00.  When asked the name of the buyer, Melvin did not respond.  Hilgemeier informed Melvin that he wanted a written agreement from the party wishing to buy the crane along with proof of the buyer's insurance.  When three weeks had passed and Melvin still had not provided the written agreement or the name of the buyer, Hilgemeier wrote a letter to Melvin indicating the crane was no longer for sale.  The letter again requested the name of the buyer so that the $8,000.00 could be refunded.  In response Melvin produced a fictitious bill of sale that included the name of a fictitious buyer along with a fictitious  address.  When Shelby Engineering was unable to contact the fictitious person it eventually concluded that no such person existed.  Thereafter, Action Steel discovered that Shelby Engineering was the true owner of the crane.  Hilgemeier and a representative of Action Steel then tried to negotiate a deal but could not reach an agreement.  During the failed negotiations Hilgemeier acknowledged that the $8,000.00 belonged to Action Steel.  However even after a demand, Shelby Engineering refused to return the money.  Action Steel then filed suit against Shelby Engineering on various theories of liability including unjust enrichment and money had and received.  Shelby Engineering also sued Thomas Melvin on various theories of liability including fraud and conversion.  After a bench trial the trial court entered judgment in favor of Action Steel and against Melvin in the amount $42,000.00, along with interest and attorney fees, and entered judgment in favor of Action Steel and against Shelby Engineering in the amount of $8,000.00.  Shelby Engineering now appeals.

I.

Shelby Engineering contends the trial court erred in entering judgment against it because "[there is no legal or equitable theory of law that would entitle Action [Steel] to a judgment in its favor . . . .]"  Brief of Appellant at 13.  Shelby Engineering is mistaken.  We first note that neither party requested special findings of fact and the trial court did not gratuitously enter such findings.  Thus, we review the decision of the trial court under the general judgment standard.  
Klebes v. Forest Lake Corp.
, 607 N.E.2d 978, 982 (Ind. Ct. App. 1993), 
trans. denied
.  A general judgment will be affirmed if it can be sustained upon any legal theory consistent with the evidence.  
Bedford Recycling, Inc. v. U.S. Granules Corp.
, 634 N.E.2d 1361, 1363 (Ind. Ct. App. 1994), 
trans. denied
.  In making this determination we neither reweigh the evidence nor judge the credibility of witnesses; rather, we consider only the evidence most favorable to the judgment together with all reasonable inferences to be drawn therefrom.  
Klebes
, 607 N.E.2d at 982. 

One of the theories upon which Action Steel proceeded against Shelby Engineering was money had and received.  We have noted:

An action for money had and received is an equitable remedy that lies in favor of one person against another, when that other person has received money either from the plaintiff himself or third persons, under such circumstances that in equity and good conscience he ought not to retain the same, and which money, 
ex aequo et bono
, belongs to the plaintiff, and where money has been received by mistake of facts, or 
without consideration
, or upon a consideration that has failed, it may be recovered back.  Such an action rests upon an implied promise and may be maintained against the person who received money from the plaintiff under circumstances which in equity and good conscience he should not retain.

Chosnek v. Rolley
, 688 N.E.2d 202, 211 (Ind. Ct. App. 1997) (quoting 
Pufahl v. National Bank of Logansport
, 129 Ind. App. 191, 195, 154 N.E.2d 119, 120-21 (1958)) (emphasis in original).  Shelby Steel acknowledges the theory of money had and received but argues it does not apply to an innocent third party who received the cash in the due course of business, or where a transaction is based on an express contract.

In support of the proposition that it received the money in the due course of business Shelby directs our attention to 
Ohio Casualty Ins. Co. v. Smith
, 297 F.2d 265 (7th Cir. 1962).  In 
Ohio Casualty
, the court held that a bonding company could not recover a judgment against persons who sold merchandise to a bank employee using embezzled funds to purchase the merchandise.  
Id.
 at 267.  Defendant sold the merchandise to the embezzler in the due course of business without knowledge of the funds' origins.  
Id.
  The present case is distinguishable from 
Ohio Casualty
 for two reasons.  First, Shelby Engineering was not selling the merchandise in the due course of business.  Rather Shelby Engineering was attempting to find a buyer for an item of equipment it no longer desired.  Second, the evidence shows that Shelby Engineering eventually discovered the source of the funds and after Shelby Engineering could not negotiate a deal with Action Steel for the purchase of the crane, it still refused to return the money.  Shelby Engineering was in no way an innocent third party.

As for Shelby Engineering's claim that the transaction in this case is based on an express contract, we disagree.  There is no question that the existence of an express contract precludes recovery on the equitable theory of money had and received.  
Huff v. Biomet, Inc.
, 654 N.E.2d 830, 837 (Ind. Ct. App. 1995).  In this case however there was no contract between Shelby Engineering and Action Steel.  Rather, the contract existed between Shelby Engineering and Melvin.  Although Melvin may not have been able to pursue against Shelby Engineering the equitable remedy of money had and received, there is no such prohibition pertaining to Action Steel.

In this case the record is clear that Shelby Engineering received from a third person money belonging to Action Steel.  The money was provided for the purchase of Shelby Engineering's crane.  Shelby Engineering acknowledged the money belonged to Action Steel but refused to return the money even after the parties could not reach agreement on the crane. The consideration failed and under the circumstances in equity and good conscious Shelby Engineering should not retain the money.  The evidence in this case supports the trial courts judgment.  We find no error on this issue.

II.

Shelby Engineering next complains the trial court allowed Action Steel to obtain a double recovery.  Shelby Engineering's logic is based on the following.  Action Steel sued Melvin on various theories of liability including fraud and conversion and sought treble damages pursuant to Ind. Code § 34-4-30-1.  Action Steel's actual losses totaled $14,000.00, the amount it paid Melvin as down payment for the crane.  The trial court entered judgment in Action Steel's favor for $42,000.00 representing treble damages along with attorney fees in the amount of $4,189.80.  According to Shelby Engineering the trial court's judgment amounts to double recovery because the $8,000.00 judgment awarded to Action Steel on its complaint against Shelby Engineering was included in the $42,000.00 judgment awarded to  Action Steel on its complaint against Melvin. 

This court has previously considered and rejected a similar argument.  In 
Peoples State Bank v. Kelly
, 78 Ind. App. 418, 136 N.E. 30 (1922) an officer of a corporation embezzled $1,500.00 and deposited the money in the Peoples State Bank.  The corporation sued the officer and obtained a judgment in the amount of the theft.  Thereafter Kelly was appointed as receiver for the corporation and sued the Bank for the $1,500.00 on the theory of money had and received.  In response the Bank asserted, among other things, that the corporation had already received a judgment in that amount and therefore the receiver was precluded from recovering in the instant action.  The trial court rejected the Bank's argument and this court affirmed on appeal.  In so doing we held:

The general rule, applicable to this contention, as stated in other jurisdictions and recognized by this court, is that when an owner pursues a wrongful taker of his property by suit for damages, and obtains a judgment therein which is satisfied, then he can no longer assert a claim to the property; but the mere rendition of such judgment does not have that effect, as it is the satisfaction of the same and not its recovery, which produces such result.

Kelly
, 136 N.E. at 31-32.  We reach the same conclusions here.  Although Action Steel has obtained a judgment against Melvin, there is no indication in the record that the judgment has been satisfied.  Indeed there is an inference in the record that Melvin is judgment proof. In any event Action Steel is not preluded from asserting its claim against Shelby Engineering.
(footnote: 2)
 Finding no error we affirm the judgment of the trial court.

DARDEN, J., and FRIEDLANDER, J., concur.

FOOTNOTES
1:  Although not specifically raising the issue as a cross-appeal, Action Steel contends Shelby Engineering's claims are frivolous, unreasonable, and groundless.  Accordingly Action Steel requests appellate attorney fees.  We disagree with Action Steel's contention and thus deny its request.

2:  We hasten to add however, that should Action Steel satisfy its claim against Melvin, then Shelby Engineering may have grounds for a T.R. 60(B) motion for relief from judgment.  In like fashion once Action Steel satisfies its claim against Shelby Engineering, should Action Steel then seek to satisfy its claim against Melvin, Melvin also may have the same grounds for relief.