## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 22 2019, 6:22 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANTS

Timothy C. Krsak
Douglas Koeppen & Hurley
Valparaiso, Indiana

ATTORNEYS FOR APPELLEE

Benjamin T. Ballou
Hodges and Davis, P.C.
Merrillville, Indiana

Brian P. Popp
Laszlo & Popp, P.C.
Merrillville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| In re the Unsupervised Estate of Margaret A. Exo | May 22, 2019 |
| Sarah Marie Exo and Amy Elizabeth Gould, | Court of Appeals Case No. 18A-EU-3107 |
| *Appellants-Petitioners,* | Appeal from the Porter Superior Court |
| v. | The Honorable Roger V. Bradford, Judge |
| Timothy DonLevy, in his capacity as Personal Representative of the Estate of Margaret A. Exo, | The Honorable Mary A. DeBoer, Magistrate |
| *Appellee-Respondent* | Trial Court Cause No. 64D01-1711-EU-10753 |

**Crone, Judge.**

# Case Summary

Margaret A. Exo's Last Will and Testament ("the Will") named the Margaret A. Exo Revocable Living Trust ("the Trust") as sole beneficiary of Margaret's estate ("the Estate"). The Will named Timothy DonLevy as personal representative of the Estate, and the Trust named DonLevy as successor trustee of the Trust upon Margaret's death. Almost a year after Margaret's death, her daughters, Sarah Marie Exo and Amy Elizabeth Gould ("Daughters") filed petitions under two different trial court cause numbers to docket the Trust and to compel a Trust accounting. Daughters filed one petition under a trust cause number ("the Trust Case"), and essentially the same petition with the probate court under the cause number associated with the unsupervised Estate ("the Estate Case"). DonLevy, in his capacity as successor trustee of the Trust, filed a motion to dismiss the petition filed in the Trust Case. Similarly, in his capacity as personal representative, he filed motions to strike and to dismiss the petition filed in the Estate Case. Separate orders granting DonLevy's motions and dismissing Daughters' petitions were issued by the Porter Superior Court. Daughters appeal the dismissal of each petition, and today we issue the current decision affirming the trial court's dismissal in the Estate Case and a companion decision reversing the dismissal in the Trust Case. *See Exo v. The*

*Margaret A. Exo Revocable Living Tr.*, No. 18A-TR-3106 (Ind. Ct. App. May 22, 2019).[1]

## Facts and Procedural History

[2] The facts relevant to our consideration of Daughters' petitions under each cause number differ slightly. On October 3, 2017, Margaret died testate while domiciled in Porter County. The Will, dated September 28, 2013, named DonLevy as personal representative and the Trust as the sole beneficiary of the Estate. Margaret had originally executed the Trust on March 31, 2003, with amendments occurring on December 16, 2010, and September 28, 2013. Although Margaret was named as trustee of the Trust, the September 2013 amendment to the Trust named DonLevy as successor trustee. Per the terms of the Trust, upon its termination which occurred at Margaret's death, Daughters are each entitled to receive annuity payments over a twenty-year term. Following Margaret's death, on November 9, 2017, DonLevy filed a notice to open an estate with the probate court and a petition for "Probate of Will and Issuance of Letters Testamentary and for Unsupervised Administration." Appellants' App. Vol. 2 at 5. On November 20, 2017, the probate court entered its order probating the will, appointing DonLevy as personal representative, and ordering unsupervised administration of the Estate.

---

[1] Our motions panel denied Daughters' request to consolidate the appeals and instead directed that the appeals under each trial court cause number be assigned to the same writing panel.

[3]     In May 2018, Daughters appeared by counsel in the Estate Case. Sometime thereafter, Daughters sought certain information from DonLevy, in his capacity as successor trustee of the Trust, regarding the Trust and its assets. When Daughters' efforts to obtain that information failed, on September 10, 2018, they filed a "Verified Petition to Compel Estate Inventory, to Docket the Margaret A. Exo Revocable Living Trust, and to Compel Trust Accounting" under the cause number assigned to the unsupervised estate, 64D01-1711-EU-10753, in the Estate Case. *Id*. at 6.[2] In short, Daughters requested the probate court to order DonLevy, in his capacity as personal representative, to file an inventory of the Estate's assets, and to order him, in his capacity as successor trustee of the Trust, to docket the Trust instrument and to provide Daughters with an accounting of Trust property. That same day, DonLevy filed an inventory of the Estate's assets with the probate court. The court set the Daughters' petition for a November 14, 2018, hearing. However, on November 7, 2018, DonLevy filed motions to strike and to dismiss Daughters' petition pursuant to Indiana Trial Rules 12(F) and 12(B)(6), along with a memorandum of law in support of the motions. Daughters filed their response to DonLevy's motions, and DonLevy filed his reply. On November 30, 2018, the probate court entered its order summarily granting DonLevy's motions without a hearing. This appeal ensued.

---

[2] Daughters filed a virtually identical petition to docket the Trust and to compel a Trust accounting in the Porter Superior Court in the Trust Case under cause number 64D02-1809-TR-8722. We address the trial court's resolution of that petition in the companion decision issued today in *Exo v. The Margaret A. Exo Revocable Living Tr.*, No. 18A-TR-3106 (Ind. Ct. App. May 22, 2019).

# Discussion and Decision

[4] Daughters argue that the probate court improperly granted DonLevy's motions to strike and to dismiss their petition, filed in the Estate Case, to docket the Trust and compel a Trust accounting. We disagree.

[5] Indiana Trial Rule 12(F) provides that "the court may order stricken from any pleading any insufficient claim or defense or any redundant, immaterial, impertinent, or scandalous matter." A motion to strike pursuant to Trial Rule 12(F) is properly utilized to attack the sufficiency of the complaint to state a redressable claim. *Anderson v. Anderson*, 399 N.E.2d 391, 407 (Ind. Ct. App. 1979). A trial court has broad discretion in ruling on a motion to strike a pleading, and its decision will not be reversed unless prejudicial error is clearly shown. *Cua v. Ramos*, 433 N.E.2d 745, 752 (Ind. 1982).

[6] Similarly, an Indiana Trial Rule 12(B)(6) motion to dismiss for failure to state a claim tests the legal sufficiency of the plaintiff's claim. *Bellwether Prop., LLC v. Duke Energy Ind., Inc.*, 87 N.E.3d 462, 466 (Ind. 2017). We review a Rule 12(B)(6) dismissal de novo, and we accept as true the facts alleged, viewing the pleadings in the light most favorable to the nonmoving party, with "every reasonable inference construed in the nonmovant's favor." *BloomBank v. United Fid. Bank F.S.B.*, 113 N.E.3d 708, 720 (Ind. Ct. App. 2018) (citation omitted), *trans. denied* (2019). Our review of the trial court's decision under Trial Rule 12(B)(6) is de novo because "deciding a motion to dismiss based upon failure to state a claim involves a pure question of law." *Gordon v. Purdue Univ.*, 862

N.E.2d 1244, 1250 (Ind. Ct. App. 2007). When, as here, a court grants a motion to dismiss without reciting the grounds relied upon, it must be presumed on review that the court granted the motion to dismiss on all the grounds in the motion. *Lawson v. First Union Mortg. Co.*, 786 N.E.2d 279, 281 (Ind. Ct. App. 2003).

[7] DonLevy's motions to strike and dismiss Daughters' petition in the Estate Case were based upon the assertion that Daughters are not "interested persons" as defined by the Probate Code, and therefore they cannot pursue remedies and/or claims in the Estate Case regarding the Trust. The Probate Code "specifically circumscribes" the instances when "interested persons" may "inject themselves into the administration of [an] estate." *Inlow v. Henderson, Daily, Withrow & DeVoe*, 787 N.E.2d 385, 393 (Ind. Ct. App. 2003), *trans. denied*. The term "interested persons" is defined in Indiana Code Section 29-1-1-3 as "heirs, devisees, spouses, creditors, or any others having a property right in or claim against the estate of a decedent being administered. This meaning may vary at different stages and different parts of a proceeding and must be determined according to the particular purpose and matter involved."

[8] At this stage of the unsupervised Estate Case, and according to the particular purpose of Daughters' petition (which is to compel the docketing of the Trust and a Trust accounting), we agree with DonLevy that Daughters are not interested persons as contemplated by the Probate Code. It is undisputed that the Trust is the sole beneficiary of the Estate. Daughters make no assertion in their petition that they have a property right or claim against the Estate, and

they seek no remedy from the Estate itself.[3] From our thorough review of Daughters' petition, it is clear that at this late juncture, they do not seek to inject themselves into the administration of the Estate, but they do seek to inject themselves into the administration of the Trust.

[9] We further observe that Daughters' petition in the Estate Case is redundant of their almost identical petition filed in the Trust Case, which, as we already noted, we address by separate decision issued today.[4] Daughters concede that they filed duplicative petitions because they were simply "unsure" whether to seek relief from the probate court under the Estate cause number or under an independent cause number. Appellants' Br. at 5.[5] We think the filing of a petition under an independent trust cause number was the proper avenue, *see* Ind. Code § 30-4-6-5 (providing that "[a]ny proceedings under this article may be initiated on either petition or complaint and upon notice provided" in Indiana Code Section 30-4-6-6), and Daughters have shown no prejudicial error

---

[3] Daughters briefly mention that by seeking to docket the Trust, they are simply "pursu[ing] assets on behalf of the Estate." Reply Br. at 4. However, Daughters have no such authority, as it is well settled that only DonLevy, in his capacity as personal representative, is entitled to pursue assets on behalf of the Estate. *See* Ind. Code § 29-1-13-1 (personal representative shall have right to take, and shall take, possession of all real and personal property of decedent); Ind. Code § 29-1-13-3 (personal representative shall have power to maintain any suit for any demand of whatever nature due the decedent or his estate).

[4] The only difference in the current petition is Daughters' request for the court to compel DonLevy to file an inventory of the Estate's assets, and Daughters admit that he has since done so. Accordingly, that portion of the petition has been rendered moot. *Horseman v. Keller*, 841 N.E.2d 164, 170 (Ind. 2006) (mootness doctrine leads courts to decline to address merits of claims that have otherwise been resolved).

[5] Daughters suggest that they filed duplicative petitions because it was possible that the Estate court would have continuing jurisdiction over the administration of the Trust even after the distribution was made from the Estate to the Trust. However, the default rule is that "with respect to a decedent's estate docketed for the purpose of probate administration … the court shall have no continuing jurisdiction over the administration of the trust after any distribution from the estate is paid or delivered to the trustee." Ind. Code § 30-4-6-4(2); *In re Edwardson Revocable Trust*, 949 N.E.2d 851, 854 (Ind. Ct. App. 2011), *trans. denied*.

as a result of the dismissal of their redundant petition. Therefore, we affirm the probate court's order striking and dismissing Daughters' petition filed in the Estate Case.

[10] Affirmed.

Bradford, J., and Tavitas, J., concur.