ATTORNEYS FOR APPELLANT
David P. Sanders
Michael T. Brody
Chicago, Illinois

Elizabeth G. Porter
Washington, D.C.

David C. Campbell
Karl L. Mulvaney
Indianapolis, Indiana

ATTORNEYS FOR AMICUS CURIAE
THE OFFICE OF THE COMPTROLLER OF THE CURRENCY
Daniel P. Stipano
Deputy Chief Counsel
Office of the Comptroller of the Currency
Washington, D.C.

Horace G. Sneed
Director, Litigation Division
Office of the Comptroller of the Currency
Washington, D.C.

Ernest Clifford Barrett, III
Senior Counsel, Litigation Division
Office of the Comptroller of the Currency
Washington, D.C.

Susan W. Brooks
United States Attorney
Southern District of Indiana

Shelese Woods
Assistant United States Attorney
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
Irwin B. Levin
Richard E. Shevitz
Scott D. Gilchrist
Eric S. Pavlack
Kelley J. Johnson
Indianapolis, Indiana

# In the
# Indiana Supreme Court

No. 49S05-0612-CV-497

CHARTER ONE MORTGAGE CORPORATION,

*Appellant (Defendant below),*

v.

KYLE CONDRA, ON BEHALF OF HIMSELF AND
OTHERS SIMILARLY SITUATED,

---

Appeal from the Marion Superior Court, No. 49D03-0311-PL-2102
The Honorable Patrick L. McCarty, Judge

---

On Petition To Transfer from the Indiana Court of Appeals, No. 49A05-0501-CV-30

---

**May 2, 2007**

**Boehm, Justice.**

We hold that the preparation of mortgage documents by non-attorneys does not necessarily constitute the practice of law and that a lender's charging a fee for the preparation does not convert it into the unauthorized practice of law.

### Facts and Procedural History

In 2002, Kyle Condra borrowed $89,600 to purchase real estate. His loan from Charter One Mortgage Corporation ("Charter One") was secured by a mortgage on the property. In connection with the loan, Charter One charged Condra a $175 fee for the completion of a deed and mortgage. These documents were prepared by Charter One's agents or employees who were not licensed to practice law.

In 2003, Condra filed a class action against Charter One. His complaint for money had and received and unjust enrichment alleged that Charter One's document preparation fee was prohibited under Indiana law because charging a fee for documents prepared by non-lawyers constituted the unauthorized practice of law. Pursuant to Indiana Trial Rule 12(B)(6), Charter One filed a motion to dismiss the complaint for failure to state a claim upon which relief could be granted. The trial court granted Charter One's request to stay all proceedings in the matter, including class certification, pending its ruling on Charter One's motion to dismiss.

Charter One asserted that it was an operating subsidiary of a national bank, Charter One Bank, N.A.[1] It therefore was governed by federal regulations promulgated under the National Bank Act by the Office of the Comptroller of the Currency ("OCC"). Among those regulations is a provision that allows national banks and their operating subsidiaries to charge incidental fees for legal services provided by non-lawyers in the preparation of real estate loan documents. Charter One contended that the OCC regulations expressly preempt any conflicting state law. The trial court denied the motion but certified its order for interlocutory appeal.

The Court of Appeals affirmed, holding this Court's jurisdiction over the unauthorized practice of law is not preempted by the federal regulations at issue. Charter One Mortgage Corp. v. Condra, 847 N.E.2d 207 (Ind. Ct. App. 2006). We granted transfer. 860 N.E.2d 599 (Ind. 2006).

**Standard of Review**

A motion to dismiss for failure to state a claim tests the legal sufficiency of the claim, not the facts supporting it. Hosler ex rel. Hosler v. Caterpillar, Inc., 710 N.E.2d 193, 196 (Ind. Ct. App. 1999), trans. denied. Thus, our review of a trial court's grant or denial of a motion based on Trial Rule 12(B)(6) is de novo. Sims v. Beamer, 757 N.E.2d 1021, 1024 (Ind. Ct. App. 2001).

When reviewing a motion to dismiss, we view the pleadings in the light most favorable to the nonmoving party, with every reasonable inference construed in the nonmovant's favor. City of New Haven v. Reichhart, 748 N.E.2d 374, 377 (Ind. 2001). A complaint may not be dismissed for failure to state a claim upon which relief can be granted unless it is clear on the face of the complaint that the complaining party is not entitled to relief. Id. (citing McQueen v. Fayette County Sch. Corp., 711 N.E.2d 62, 65 (Ind. Ct. App. 1999), trans. denied).

---

[1] Condra conceded that Charter One was an operating subsidiary of a national bank. Charter One Mortgage Corp. v Condra, 847 N.E.2d 207, 211 n.3 (Ind. Ct. App. 2006). For this reason, the Court of Appeals did not address whether this fact was outside the pleadings for purposes of a 12(B)(6) motion. We decline to address this procedural point for the additional reason that Charter One's status under the National Bank Act is irrelevant to our disposition of the case.

## Unauthorized Practice of Law

Pursuant to the Indiana Constitution, this Court has original jurisdiction over "the unauthorized practice of law." Ind. Const. art. 7, § 4; see also Cincinnati Ins. Co. v. Wills, 717 N.E.2d 151, 154 (Ind. 1999); Alvarado v. Nagy, 819 N.E.2d 520, 523 (Ind. Ct. App. 2004). It is the responsibility of this Court to oversee the admission and discipline of attorneys and to determine what acts constitute the practice of law. Ind. Const. art. 7, § 4; Alvarado, 819 N.E.2d at 523.

The practice of law has been described as "the giving of legal advice to a client and the placing of oneself in the very sensitive relationship" involving "the confidence of the client" and "the management of his affairs." In re Perello, 270 Ind. 390, 398, 386 N.E.2d 174, 179 (1979). Confining the practice of law to licensed attorneys is designed to protect the public from the potentially severe consequences of following advice on legal matters from unqualified persons. It is not intended to reserve to attorneys activities that may safely be conducted by laypersons. In Miller v. Vance, 463 N.E.2d 250 (Ind. 1984), we considered whether the preparation of a mortgage instrument by a bank employee who was not an attorney constituted the unauthorized practice of law. We concluded that filling in blanks on a form mortgage instrument did not constitute the practice of law because it "require[d] only the use of common knowledge regarding the information to be inserted." Id. at 251. This activity did not involve any fiduciary relationship, confidences, or the giving of legal advice. As explained in Miller, it would be an "unreasonable burden" on the public to conclude that the completion of such routine documents was the practice of law reserved to attorneys. Id. at 253. That decision was consistent with the majority of other jurisdictions that had considered the issue. Id. We did, however, caution that the "lay bank employee may not give advice or opinions as to the legal effects of the instruments he prepares or the legal rights of the parties" and state that "[t]he bank may not make any separate charge for the preparation of the mortgage instrument." Id. (citing State v. Ind. Real Estate Ass'n, 244 Ind. 214, 224-25, 191 N.E.2d 711, 716-17 (1963)). Relying on this language from Miller, Condra contended that the $175 fee he was charged for the preparation of mortgage documents by non-attorneys constituted the unauthorized practice of law.

4

Charter One argues that whether or not the preparation of mortgage documents constitutes the unauthorized practice of law under Indiana state law, the OCC regulations preempt all inconsistent state laws, including state court rules regulating or defining the unauthorized practice of law. Charter One points out that OCC regulations authorize national banks to charge document preparation fees and these federal regulations expressly purport to preempt any inconsistent state law. 12 C.F.R. § 7.4002(a), (d). The Court of Appeals disagreed. The Court of Appeals read <u>Miller</u> to prohibit a bank from making a separate charge for the preparation of a mortgage instrument by a non-attorney because that action would constitute the unauthorized practice of law. <u>Charter One</u>, 847 N.E.2d at 212-13. The Court of Appeals held that the OCC regulations did not preempt the law as explained in <u>Miller</u> because the state law of unauthorized practice was consistent with the regulations. The Court of Appeals explained that <u>Miller</u> did not prohibit the collection of charges for document preparation by a national bank nor did <u>Miller</u> present an obstacle to the perceived purposes of the OCC regulations. <u>Id.</u> at 216. Rather, <u>Miller</u> "merely identifies *who*—i.e., a licensed attorney or a non-attorney—may perform the document preparation when such separate fees are charged." <u>Id.</u> Accordingly, the Court of Appeals affirmed the trial court's denial of Charter One's motion to dismiss. <u>Id.</u> at 219.

We find it unnecessary to decide this case on federal preemption grounds. We think the language from <u>Miller</u> referring to the collection of fees for document preparation was overbroad. Whether an activity constitutes the practice of law is determined by the activity, typically the advice given, and not whether it is compensated. A pro bono lawyer is a lawyer, despite the lack of compensation for the lawyer's services. Similarly, payment of compensation does not convert an otherwise proper activity by a layperson into the practice of law.

Several jurisdictions have considered the specific issue of whether charging a fee for the preparation of mortgage instruments by non-attorneys transforms permissible conduct into the unauthorized practice of law. We find the approach of the Supreme Court of Michigan instructive. In <u>Dressel v. Ameribank</u>, 664 N.W.2d 151 (Mich. 2003), mortgagors brought a class action against a bank after the bank charged mortgagors a separate fee for the preparation of mortgage documents. Bank employees who were not licensed to practice law completed the standard mortgage forms. <u>Id.</u> at 157. The <u>Dressel</u> Court first noted that the completion of standard mortgage documents by non-attorney employees did not constitute the practice of law. <u>Id.</u> Similar to

our reasoning in <u>Miller</u>, the Supreme Court of Michigan determined that because "no legal knowledge or discretion was involved in the document's completion" and because "[t]he bank did not counsel plaintiffs with regard to the legal validity of the document or the prudence of entering into the transaction" the bank did not practice law. <u>Id.</u> As for whether the fee had any effect on the permissibility of the conduct, the <u>Dressel</u> Court explained, "[i]t is immaterial that [the bank] charged a fee for its services. Charging a fee for nonlegal services does not transmogrify those services into the practice of law." <u>Id.</u>

The Supreme Court of Washington has held that the preparation of mortgage documents by non-attorneys is the "practice of law." <u>Perkins v. CTX Mortgage Co.</u>, 969 P.2d 93, 95 (Wash. 1999). However, it is authorized because the non-attorneys do not exercise any "legal discretion." <u>Id.</u> at 100. Like the <u>Dressel</u> Court, the <u>Perkins</u> Court held that a fee does not change that result. <u>Id.</u> at 96 ("We have firmly rejected the notion that a lay person's authority to prepare legal instruments turns on whether a fee is charged.").

The Supreme Court of Illinois reached the same result by another route. Illinois categorizes the preparation of mortgage forms by non-attorneys as the practice of law, but the conduct is authorized because it falls within a "pro se" exception. <u>King v. First Capital Fin. Servs. Corp.</u>, 828 N.E.2d 1155, 1163 (Ill. 2005). This exception "applies to the preparation of documents in situations where the party preparing the legal documents does so for his or her own benefit in a transaction to which the preparer is a party." <u>Id.</u> Illinois also holds that a charge to the borrower is irrelevant. <u>Id.</u> at 1167 ("[T]he charging of a fee, without more, for the preparation of the loan documents by the lenders' employees did not transform their [permissible] conduct into the unauthorized practice of law."). Although individuals may represent themselves, we are reluctant to recognize a blanket "pro se" exception for employees of an organization who give legal advice to their employers or otherwise represent their employers. There is still a risk that these employees would engage in unprofessional conduct that could be detrimental to third parties. They therefore should remain subject to discipline and professional standards applicable to non-employee lawyers. We agree, however, with the Supreme Courts of Michigan, Washington, and Illinois that there is no unauthorized practice of law when form mortgage documents are prepared by non-attorneys. We also agree that the mere charging of a fee does not transform permissible conduct into the unauthorized practice of law.

6

Charter One says it charges these fees to recover embedded salary costs and to offset overhead associated with the preparation of a mortgage. Whether this is true or not is irrelevant here. Condra does not make any claim that Charter One offered legal services to the public or indicated that its non-lawyers were qualified to perform legal tasks. Condra also does not allege that his loan documents were prepared incorrectly or that he has suffered any harm resulting from the preparation of his loan documents. Many essentially routine tasks have some legal component. Even telling a driver to slow down entails knowledge that the law imposes speed limits and, in some sense, is giving legal advice. Directing or acting on matters of general knowledge, even if knowledge of a rule of law, does not constitute the practice of law. We think that these principles apply here. We therefore reaffirm the holding of <u>Miller</u> that filling in the blanks of standard mortgage documents is not the practice of law. The purpose of restricting the practice of law to licensed and trained attorneys is to protect the public from serious harm from unknowledgeable legal advice. We do not believe that purpose is effectuated by prohibiting charging fees for mortgage document preparation by non-attorneys. If charging a fee subjected this act to regulation as the practice of law, either the fees would be eliminated or attorneys would be required to perform the activity. Requiring an attorney for such a routine task would produce only inconvenience and added cost to the public. <u>See</u> <u>Perkins</u>, 969 P.2d at 100. Eliminating the charge would presumably result in additional charges buried in loan fees not tied to the completion of loan documents. Resolution of the economics of that are best left to the legislature or the competitive forces in the marketplace for loans.

In short, if the completion of legal documents is ordinarily incident to a lender's financing activities, it is generally not the practice of law, whether or not a fee is charged. To the extent that <u>Miller</u> suggests otherwise, it is disapproved.

**Conclusion**

This case is remanded to the trial court with instruction to grant Charter One's motion to dismiss for failure to state a claim.

Shepard, C.J., and Dickson, Sullivan, and Rucker, J.J., concur.

7