**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Sep 29 2014, 9:59 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**SHAVAUGHN CARLOS WILSON-EL**
Pendleton, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| SHAVAUGHN CARLOS WILSON-EL, | ) |
| | ) |
| Appellant, | ) |
| | ) |
| vs. | )   No. 49A02-1312-MI-1073 |
| | ) |
| T. ESTEB, ET AL., | ) |
| | ) |
| Appellee. | ) |

APPEAL FROM THE MARION CIRCUIT COURT
The Honorable David J. Dreyer, Judge
Cause No. 49D10-1306-MI-23416

**September 29, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BARNES, Judge**

## Case Summary

Shavaugh Wilson-El appeals the dismissal of his complaint against T. Esteb, D. Majors, S. Harter, D. Keithly, C. Waltz, M. Johnson, S. Proffitt, T. Johnson, T. White, W. Weaver, E. Cole, A. Nonweiler, John or Jane Doe #2, John or Jane Doe #3, G. Kruse, C. Bailey, J. Lakas, D. Crisler, Jr., J. Wernke, D. Hendry, J. Layton, John Doe, Chaplain, D. Vantreese, J. Vantreese, C. Tate, J. Johnson, M. Foley, and A. Rachel, each in their individual and/or official capacities (collectively "the Defendants"). We affirm in part and reverse in part.

## Issue

Wilson-El raises one issue, which we restate as whether the trial court properly dismissed his complaint based on 42 U.S.C. § 1983 alleging violations of his federal and state constitutional rights.

## Facts

On June 6, 2013, Wilson-El filed a 42 U.S.C. § 1983 complaint alleging that the Defendants, employees of the Marion County Jail, committed misconduct against him while he was incarcerated and the misconduct violated his United States and Indiana constitutional rights. Wilson-El requested that the trial court award compensatory and punitive damages.

The Defendants requested extensions of time and were given until October 12, 2013, to respond to the complaint. On October 15, 2013, the Defendants filed an Indiana Trial Rule 12(B)(6) motion to dismiss the complaint with prejudice. On October 21, 2013, the trial court dismissed the complaint with prejudice and, on November 19, 2013,

Wilson-El filed a motion to correct error. The trial court did not rule on the motion to correct error and, on December 17, 2013, Wilson-El filed a motion of appeal.

## Analysis

"'A motion to dismiss for failure to state a claim tests the legal sufficiency of the claim, not the facts supporting it.'" Kitchell v. Franklin, 997 N.E.2d 1020, 1025 (Ind. 2013) (quoting Charter One Mortg. Corp. v. Condra, 865 N.E.2d 602, 604 (Ind. 2007)). We review a trial court's grant or denial of a motion based on Trial Rule 12(B)(6) de novo. Id. When reviewing the ruling on a motion to dismiss, we view the pleadings in the light most favorable to the nonmoving party, Wilson-El, with every reasonable inference construed in his favor. See id. A complaint may not be dismissed on this basis unless it is clear on the face of the complaint that the complaining party is not entitled to relief. Id.

As an initial matter, the Defendants have not filed an appellees' brief. Under that circumstance, we do not undertake to develop arguments for them. See Morton v. Ivacic, 898 N.E.2d 1196, 1199 (Ind. 2008). Rather, we will reverse upon Wilson-El's prima facie showing of reversible error. See id. Prima facie error means at first sight, on first appearance, or on the face it. Id.

Wilson-El first contends that the Defendants' October 15, 2013 motion to dismiss was untimely because the trial court had granted them an extension up to and including October 12, 2013 to answer the complaint.[1] October 12, 2013 fell on a Saturday, and

---

[1] As Wilson-El points out, the motion was entered in the chronological case summary ("CCS") on October 17, 2013. However, as the CCS indicates, the motion was file stamped on October 15, 2013.

3

October 14, 2013 was Columbus Day, a State holiday. As such, we conclude that the motion was timely filed on the next business day—Tuesday, October 15, 2013. See Ind. Trial Rule 6 (explaining that in computing any period of time "the period runs until the end of the next day that is not a Saturday, a Sunday, a legal holiday, or a day on which the office is closed."). This argument is unavailing.

As for the merits of the dismissal, Wilson-El only sought redress pursuant to 42 U.S.C. §1983 for purported violations of his federal and state constitutional rights.[2] The Defendants moved to dismiss Wilson-El's complaint on the basis they were immune from liability pursuant to the Indiana Tort Claims Act ("ITCA") and that there is no right of action for monetary damages for violations of the Indiana Constitution.

Regarding the alleged state constitutional violations, "It is now well established that section 1983 creates 'a species of tort liability' in favor of persons deprived of their

---

[2] This statute provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

42 U.S.C. § 1983.

federal constitutional rights."[3]  Cantrell v. Morris, 849 N.E.2d 488, 506 n.26 (Ind. 2006) (citations omitted) (emphasis added).  In support of their motion to dismiss, the Defendants specifically asserted, "while a federal constitutional violation is actionable under 42 U.S.C. section 1983, Indiana has no comparable statutory provision creating an explicit civil remedy for constitutional violations."  App. p. 52 (citing Cantrell, 849 N.E.2d at 493).  Wilson-El provides no argument or authority for the proposition that he may seek redress for state constitutional violations via a §1983 claim.  As such, he has not made a prima facie showing that the dismissal of his state-based claims was erroneous.

Regarding the alleged federal constitutional violations, the Defendants acknowledged that a federal constitutional violation is actionable under §1983 but did not explain how ITCA applied to or barred claims based on alleged federal constitutional violations.  On appeal, Wilson-El relies on Cantrell for the proposition that, "By reason of the Supremacy Clause and principles of federalism, to the extent the Federal Constitution prohibits conduct by state officers, state laws are ineffective to shield the officers from federal remedies."  Cantrell, 849 N.E.2d at 506.  "Specifically, the ITCA does not apply to claims based on 42 U.S.C. § 1983."  Id.  Accordingly, the Defendants' reliance on ITCA is not a reason for dismissing the claims based on purported federal

---

[3] Our supreme court has acknowledged, "filing suit in state court was permissible because the state courts have concurrent jurisdiction with the federal courts to entertain actions brought under 42 U.S.C. § 1983." Love v. Rehfus, 946 N.E.2d 1, 19 n.21 (Ind. 2011).

5

constitutional violations.  Thus, in light of <u>Cantrell</u>, Wilson-El has made a prima facie showing of reversible error regarding the dismissal of his federal-based claims.

## Conclusion

Because Wilson-El has not established that 42 U.S.C. §1983 is available for purported violations of state constitutional rights, he has not made a prima facie showing that dismissal of those claims was reversible error.  However, because the Defendants' arguments to the trial court in favor of dismissal did not specifically address the alleged federal violations, Wilson-El has made a prima facie showing that the dismissal of those claims was reversible error.  We affirm in part and reverse in part.

Affirmed in part and reversed in part.

BRADFORD, J., and BROWN, J., concur.