**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED
Nov 19 2014, 10:22 am

CLERK
of the supreme court,
court of appeals and
tax court

PRO SE APPELLANT:

**THOMAS R. COX**
Panama City, Florida

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KATHY BRADLEY**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

<table>
<tr><td>THOMAS R. COX,</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>Appellant-Defendant,</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>vs.</td><td>)</td><td>No.  39A04-1402-MI-88</td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>STATE OF INDIANA,</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>Appellee-Plaintiff.</td><td>)</td><td></td></tr>
</table>

APPEAL FROM THE JEFFERSON SUPERIOR COURT
The Honorable Alison Frazier, Judge
Cause No. 39D01-1310-MI-945

**November 19, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

**Case Summary**

Thomas R. Cox ("Cox"), proceeding *pro se* at trial and before this Court, appeals the trial court's order dismissing his constitutional and tort claims against the Indiana Bureau of Motor Vehicles ("BMV").

We affirm.

**Facts and Procedural History**

In conformance with our standard of review of a dismissal under Trial Rule 12(B)(6), we take portions of our statement of fact from Cox's complaint.

Sometime in the early-to-middle 2000's, Cox, while a resident of Indiana, purchased a vehicle from a car dealership in Fishers. Within several days of Cox's purchase, the dealership filed for bankruptcy protection, and Cox was, for unknown reasons, unable to acquire a certificate of title for the purchased van.

Cox soon thereafter moved to the state of Washington. Over the ensuing years, Cox was pulled over and cited for various traffic violations; some of these citations related to driving the van, for which he was unable to obtain license plates despite his efforts. Eventually, Cox's driving privileges were suspended, with suspended license adjudications arising in several Indiana counties.

At some point, Cox returned to Indiana. During this time, he was stopped and cited for driving with a suspended license in Greenwood and Madison and in Jennings County. During 2012, Cox attempted to and believed he had resolved these matters, but only the Jennings County citation had been resolved.

In 2013, Cox moved to Florida. On April 13, 2013, while in Florida, Cox was pulled over and arrested for driving with a suspended driver's license. As a result of Cox's arrest and citation in Florida for driving with a suspended license, Florida sent information to the BMV that caused the BMV to suspend Cox's driver's license once again.

In May 2013, the BMV sent Cox notice that his license was again suspended in Indiana. The BMV's letter to Cox was sent to an Indiana address at which Cox no longer resided; Cox thus learned of the suspension a month or two later. On August 15, 2013, the BMV sent Cox another notice of suspension, again at an Indiana address. Cox attempted to resolve the situation with the BMV by filing an administrative appeal, which was denied.

On October 21, 2013, Cox filed suit against the BMV, alleging facts sounding in due process under the Fifth and Fourteenth Amendments to the United States Constitution,[1] and in negligence.

On December 16, 2013, the BMV filed a motion to dismiss. On February 7, 2014, the trial court conducted a hearing on the motion to dismiss, at the conclusion of which the court granted the State's motion and dismissed Cox's complaint.

This appeal ensued.[2]

---

[1] Though these alleged facts sounded in due process matters, Cox does not in this case directly challenge the BMV's administrative adjudication of his appeal.

[2] The BMV argues that Cox's complaint in this matter is an attempt to re-litigate matters resolved unfavorably to him in a 2011 case. The facts alleged in the complaint pertain to incidents that occurred after 2011, and thus we decline to resolve the case now before us under the doctrine of *res judicata*.

**Discussion and Decision**

Standard of Review

Cox appeals the trial court's order, which dismissed his complaint sounding in due process and negligence. A motion to dismiss for failure to state a claim under Trial Rule 12(B)(6) tests the legal sufficiency of the claims made in the complaint, not the facts alleged in support of the claims. Charter One Mortg. Corp. v. Condra, 865 N.E.2d 602, 604 (Ind. 2007). We review *de novo* appeals from orders granting or denying motions under Rule 12(B)(6). Id. We view the pleadings in the light most favorable to the nonmovant, and all reasonable inferences are construed in the nonmovant's favor. Id. A complaint may not be dismissed for failure to state a claim "unless it is clear on the face of the complaint that the complaining party is not entitled to relief." Id. at 605.

Constitutional Claims

We turn first to Cox's contentions in his complaint that the BMV's conduct deprived him of due process of law under the United States Constitution.

Cox's complaint advances three bases for relief sounding in due process. He contends that 1) the BMV has a "policy of denying services for non-residents" that is unsupported in the Indiana Code; 2) he was deprived of due process because of recordkeeping issues at the BMV and the BMV's refusal to correct information related to Cox's traffic citation in Florida, which the BMV stated it could not correct "without a court order;" and 3) the BMV's procedure for addressing appeals from administrative agency action are constitutionally inadequate. (Appellee's App'x at 4.) In its motion to dismiss and again on

4

appeal, the BMV contended that Cox's constitutional claims were advanced under 42 U.S.C. § 1983, but because Cox named the BMV as a defendant and not specific individuals, he failed to state a claim upon which relief could be granted.

The trial court and the BMV explored the question of constitutional claims under Section 1983 in an effort to determine the nature and scope of Cox's allegations in his *pro se* complaint. In his reply brief before this Court, Cox clarifies that he "never raised the issue of a 42 U.S.C. Section 1983 claim," but that the BMV and trial court raised those matters. (Reply Br. at 2.) Rather, Cox states that "[t]he constitutional questions were addressed by the appellant only in the context of a historical case filed," and he raised those issues only to note

> the systematic disregard by the Indiana BMV in establishing quality controls, correcting mistakes, and continued disregard for such compliance and quality control unless the organization loses a civil suit in court. The intent is to portray that this is not errors and omissions by the organization, but rather, complete disregard for establishing quality controls.

(Reply Br. at 2.)

Cox, then, asserts that to the extent he raised any matters of constitutional dimension, he did so not to advance any such claim as a basis for relief. This is consistent with his response to the trial court's question during the hearing on the motion to dismiss, "Is that, or is that not a constitutional claim?" (Tr. at 10.) Cox stated, "it's not intended to be." (Tr. at 10.)

This Court has held that representations by counsel or by a party as to the nature and effect of causes of action are binding. Heyser v. Noble Roman's, Inc., 933 N.E.2d 16, 20-21 (Ind. Ct. App. 2010), trans. denied (affirming dismissal where counsel stated plaintiff was

5

pursuing only actual fraud and not constructive fraud claims). Cox's representations to this Court and the trial court disclaim any substantive constitutional claims. We accordingly affirm the trial court's dismissal of his complaint to the extent it raised constitutional matters for relief.

Tort Claims

Unlike the constitutional issues, Cox reaffirms in his reply brief that he seeks injunctive and monetary relief from the BMV under a negligence theory, that is, a claim for relief sounding in tort. The trial court, articulating from the bench its reasons for dismissing Cox's complaint, stated that Cox had failed to file a timely notice of tort claim with the BMV. The court noted specifically that Cox had failed to file a notice of tort claim with the BMV within 180 days of his learning of the BMV's suspension of his license.

Indiana Code chapter 34-13-3 sets forth the provisions of the Indiana Tort Claims Act ("the Act"). Section 34-13-3-6 of the Act provides:

> Except as provided in sections 7 and 9 of this chapter, a claim against the state is barred unless notice is filed with the attorney general or the state agency involved within two hundred seventy (270) days after the loss occurs. However, if notice to the state agency involved is filed with the wrong state agency, that error does not bar a claim if the claimant reasonably attempts to determine and serve notice on the right state agency.

I.C. § 34-13-3-6(a).

Here, Cox did not file a notice of tort claim with the BMV until February 10, 2014— three days after the trial court entered its order of dismissal. "Compliance with the notice provisions of [the Act] is a procedural precedent which the plaintiff must prove and which the trial court must determine before trial." Brown v. Alexander, 876 N.E.2d 376, 383 (Ind.

6

Ct. App. 2007), trans. denied. "The purpose of the notice requirement is to inform state officials with reasonable certainty of the accident or incident and surrounding circumstances so that the state may investigate, determine its possible liability, and prepare a defense to the claim." Ricketts v. State, 720 N.E.2d 1244, 1246 (Ind. Ct. App. 1999), trans. denied. Where a government agency subject to a tort claim alleges as an affirmative defense that the plaintiff has failed to properly file the notice of claim, the plaintiff must bear the burden of establishing compliance—either actual or substantive. Brown, 876 N.E.2d at 384.

Cox observes that the tort claim period as it applies to a state agency like the BMV is 270 days, not the 180 days the trial court applied, and that the court raised the tort claim issue despite his not having addressed it. Yet Cox does not contend that he satisfied the tort claim notice requirements before filing his suit, compliance with which was procedurally required for him to be able to initiate and sustain the litigation. Indeed, Cox failed to file his tort claim notice until after the complaint had been dismissed, and thus failed to satisfy the requirements for bringing a tort claim sounding in negligence against the BMV; he does not, in this appeal, advance any argument as to substantial compliance with the Act's notice provision.

Accordingly, we find no error in the trial court's dismissal of Cox's complaint as to negligence.

7

**Conclusion**

Cox has abandoned any constitutional claims raised by his complaint. The trial court did not err when it concluded that Cox failed to timely file a notice of tort claim, and correctly dismissed his complaint sounding in negligence.

Affirmed.

NAJAM, J., and PYLE, J., concur.