VAIDIK, Chief Judge,
concurring in result.
The majority concludes that the trial court’s dismissal order was a final, appeal-able order and the court erred by. granting Chandler’s motion to dismiss based on a failure to state a claim. I agree with this result; however, I write separately because I believe the majority improperly resolves the ultimate issue of whether Ar-flack could only be removed for cause and was entitled to written notice of his removal from the Town Council.
A motion to dismiss under Rule 12(B)(6) tests the legal sufficiency of a complaint, not the facts that support it. See Charter One Mortg. Corp. v. Condra, 865 N.E.2d 602, 604 (Ind.2007) (citation omitted). A court should accept as true the facts alleged in the complaint, and should not only consider the pleadings in the light most favorable to the plaintiff, but also draw every reasonable inference in favor of the non-moving party. Veolia Water Indianapolis, LLC v. Nat’l Trust Ins. Co., 3 N.E.3d 1, 4 (Ind.2014) (citation omitted).
The parties dispute whether Arflack’s complaint, filed on April 4, 2014, is time-barred. The Town Council argues that the thirty-day window for filing began on January 21, 2014, when Arflack’s appointment was rescinded by Town Council vote, and Arflack’s complaint, filed seventy-three days later, was thus untimely. Ar-flack argues that the thirty-day window began on March 14, 2014, when his Town Council successor was appointed, and his complaint, filed twenty-one days later, is therefore timely. Arflack’s claim hinges on his argument that the Town Council could only remove him for cause and with written notice, which it did not provide, and in the absence of written notice, he did not learn of his cause of action until March 14, 2014. At this stage, we should accept Arflack’s assertions as true. We should not, however, decide the ultimate issue.
The majority notes that “no cause of action accrued [as of January 21, 2014] because the Town Council failed to notify [Arflack] in writing of [its] decision.... ” *306 Op. at 303. To me, this suggests that the majority has gone beyond testing the legal sufficiency of Arflack’s complaint and resolved (in his favor) Arflack’s claim that he could only be removed for cause and was entitled to written notice from the Town Council. I would not go so far: accepting Arflack’s assertions as true, I would simply reject the Town Council’s claim that Arflack’s complaint is untimely and leave the determination regarding for-cause removal for the trial court. To that end, I respectfully concur in result.