## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 21 2015, 9:00 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

| ATTORNEY FOR APPELLANT | ATTORNEYS FOR APPELLEES |
|---|---|
| Mark Small<br>Indianapolis, Indiana | Gregory F. Zoeller<br>Attorney General of Indiana |
| | David A. Arthur<br>Deputy Attorney General<br>Indianapolis, Indiana |

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| James Pollard,<br><br>*Appellant-Plaintiff,*<br><br>v.<br><br>Michael Pence, as Governor of the State of Indiana, Bruce Lemmon, as the Commissioner of the Indiana Department of Correction, and the Indiana Parole Board and current members thereof,<br><br>*Appellees-Plaintiffs* | August 21, 2015<br><br>Court of Appeals Case No. 49A02-1411-MI-805<br><br>Appeal from the Marion Superior Court<br><br>The Honorable Patrick L. McCarty, Judge<br><br>Trial Court Cause No. 49D03-1403-MI-9641 |

**Baker, Judge.**

[1] In *State v. Hernandez*, our Supreme Court examined the law as it existed in 1975 and held that individuals serving life sentences for crimes committed at this time are not eligible for parole. 910 N.E.2d 213 (Ind. 2009). James Pollard, who is currently serving four life sentences for crimes he committed in 1975, believes this decision was erroneous. Accordingly, Pollard filed a petition for writ of mandamus in the trial court asking it to order the respondents, Governor Pence, Commissioner Lemmon, and the Indiana Parole Board, to consider him eligible for parole. The trial court denied the petition, and we are compelled to affirm.

## Facts

[2] On February 14, 1977, Pollard was sentenced to four concurrent terms of life imprisonment following convictions for premeditated murder, second degree murder, and two counts of kidnapping. Pollard committed these crimes on the evening of November 25, 1975. His convictions were affirmed on appeal in *Pollard v. State*, 270 Ind. 599, 388 N.E.2d 496 (Ind. 1979).[1]

[3] On March 26, 2014, Pollard filed a petition for writ of mandamus in the trial court asking it to order "the Indiana Department of Correction to immediately consider him eligible" for parole. Appellant's App. p. 11. Pollard acknowledged that, under our Supreme Court's decision in *Hernandez*, he was not eligible for parole. However, he argued that *Hernandez* was erroneously

---

[1] See this case for a detailed account of the facts underlying Pollard's convictions.

decided and, consequently, constituted judicial legislation in violation of Article III of the Indiana Constitution—relating to separation of powers—as well as the ex post facto clauses of both the Indiana and the United States Constitutions. The respondents filed a motion to dismiss under Indiana Trial Rule 12(b)(6), arguing that no constitutional violation had occurred because Pollard had "not been deprived of parole eligibility that he previously possessed." *Id.* at 19.

[4] The trial court agreed with the respondents and dismissed Pollard's petition. It found that "[t]here was no legislating by the Supreme Court" in *Hernandez* because "the Court was not creating law but saying what the law was in 1975." *Id.* at 6. Accordingly, it found no violation of any constitutional provisions regarding the separation of powers or ex post facto laws. Pollard filed a motion to correct error, which the trial court dismissed on October 20, 2014. Pollard now appeals.

## Discussion and Decision

[5] "A motion to dismiss for failure to state a claim tests the legal sufficiency of the claim, not the facts supporting it." *Charter One Mortg. Corp. v. Condra*, 865 N.E.2d 602, 604 (Ind. Ct. App. 2007). Accordingly, we review trial courts' decisions on Rule 12(b)(6) motions de novo. *Id.* "A complaint may not be dismissed for failure to state a claim upon which relief can be granted unless it is clear on the face of the complaint that the complaining party is not entitled to relief." *Id.*

[6] Here, Pollard commenced an action for mandate. "An action for mandate may be prosecuted against any inferior tribunal, corporation, public or corporate officer, or person to compel the performance of any: (1) act that the law specifically requires; or (2) duty resulting from any office, trust, or station." Ind. Code § 34-27-3-1. An action for mandate will succeed only when the petitioner has a clear and unquestionable right to relief and the respondent has failed to perform a clear, absolute, and imperative duty imposed by law. *State ex rel. Steinke v. Coriden*, 831 N.E.2d 751, 757 (Ind. Ct. App. 2005). Here, Pollard argues that, by failing to consider him eligible for parole, the respondents are acting pursuant to an erroneous decision of our Supreme Court that, by virtue of being erroneous, functions as an unconstitutional legislative action. Consequently, Pollard believes that in following such a decision, the respondents are actually acting contrary to law.

[7] The decision to which Pollard directs our attention is *State v. Hernandez*, 910 N.E.2d 213 (Ind. 2009). In that case, Hernandez, much like Pollard, had been sentenced to multiple terms of life imprisonment for crimes he had committed in 1975. *Id.* Under our current parole eligibility statute, which became effective in 1980, Hernandez, as well as Pollard, would clearly not be eligible for parole. The statute provides:

> A person sentenced upon conviction of more than one (1) felony to more than one (1) term of life imprisonment is not eligible for consideration for release on parole under this section.

Ind. Code § 11-13-3-2.

[8] However, the statute that had been in effect in 1975 read quite differently. That statute provided:

> The Indiana parole board is hereby authorized to release on parole, pursuant to the laws of the state of Indiana, any person confined in any penal or correctional institution in this state except persons under sentence of death.

Ind. Code § 11-1-1-9 (1971). Though the plain and unambiguous meaning of this language seemed to be in Hernandez's favor, in light of other statutory provisions governing parole in existence at the time, our Supreme Court held that those sentenced to life imprisonment when this statute was in effect could not be considered eligible for parole. *Hernandez*, 910 N.E.2d at 217-21.

[9] While Pollard disagrees with this conclusion, this Court is simply not positioned to review the propriety of a decision by our Supreme Court. As the respondents correctly point out, we are bound by such decisions until they are changed by legislative enactment or by the Supreme Court itself. *T.H. v. R.J.*, 23 N.E.3d 776, 787 (Ind. Ct. App. 2014), *trans. denied*.

[10] As for Pollard's argument that the decision in *Hernandez* violated constitutional prohibitions on ex post facto laws and constituted judicial legislation, we agree with the trial court. "An ex post facto law is one which applies retroactively to disadvantage an offender's substantial rights." *Armstrong v. State*, 848 N.E.2d 1088, 1092 (Ind. 2006). Underlying this prohibition is "'the notion that persons have a right to fair warning of that conduct which will give rise to criminal

penalties.'" *Id.* at 1093 (quoting *Marks v. United States*, 430 U.S. 188, 191 (1977)).

[11] In *Hernandez*, our Supreme Court determined that, under the law *as it existed* in 1975, those serving life sentences were not eligible for parole. *Hernandez*, 910 N.E.2d at 221. Thus, the Court, in its estimation, had simply determined what the law had always been. Pollard therefore suffered no disadvantage, as the law had never given him the advantage he claims. The same analysis can be applied to Pollard's claim that the decision in *Hernandez* constitutes judicial legislation. The Court was not creating anything new and, therefore, did not "legislate." *See* Black's Law Dictionary (10th ed. 2014) (defining "legislate" as "[t]o make or enact law"; "[t]o bring (something) into or out of existence by making laws.").

[12] Respondents argue that we need not have considered Pollard's arguments at all because the constitutional prohibition on ex post facto laws is a prohibition placed on the legislature alone and "'does not of its own force apply to the Judicial Branch of government.'" *Armstrong*, 848 N.E.2d at 1093 (quoting *Marks*, 430 U.S. at 191). We agree, however, this is not to say that individuals are provided no constitutional protection from judicial interpretations that effectively function as ex post facto laws. "[T]he Due Process Clause of the Fifth Amendment, made applicable to the states by the Fourteenth Amendment, protects offenders from judicial decisions that retroactively alter the import of a law to negatively affect the offender's rights without providing fair warning of that alteration." *Id.*

However, we are not at liberty to conclude that such is the case here. Not only are we bound by our Supreme Court's holding as to the meaning of the previous parole eligibility statute, we are also bound by its implicit holding that this is what the statute has always meant. Thus, we are compelled by *Hernandez* to conclude that Pollard's claims must fail.

The judgment of the trial court is affirmed.

Bailey, J., and Mathias, J., concur.