RUCKER, J.,
concurring in part and dissenting in part.
I agree with the majority that the Access to Public Records Act (APRA) is fully applicable to the legislature. As the majority correctly points out: “Because the General Assembly contemplated APRA’s application to itself and its members, we see no prudential reason why this question should be avoided on grounds of justiciability.” Op. at 242; accord MacIver Inst. for Pub. Policy, Inc., v. Erpenbach, 354 Wis.2d 61, 848 N.W.2d 862, 875 (Ct.App.2014) (Reilly, J., concurring in opinion compelling state senator to disclose certain policy-related emails) (“If legislators do not like the law they created they can repeal it — but until then they must abide by it.”). Thus I agree the trial court erred in granting Defendants’ Rule 12(B)(1) motion to dismiss for lack of subject matter jurisdiction. But the majority takes a wrong turn in granting relief based on Rule 12(B)(6). In essence my colleagues have offered an advisory opinion and made a pre-emptive strike on a matter that deserves further record development. On this issue I respectfully dissent.
A motion to dismiss for failure to state a claim upon which relief can be granted under Indiana Trial Rule 12(B)(6) tests the legal sufficiency of a complaint, not the facts supporting it — that is, whether the allegations in the complaint establish any set of circumstances under which a plaintiff would be entitled to relief. See Charter One Mortg. Corp. v. Condra, 865 N.E.2d 602, 604, 605 (Ind.2007). The law is settled that a complaint may not be dismissed under Rule 12(B)(6) unless it appears to a certainty on the face of the complaint that the complaining party is not entitled to any relief. King v. S.B., 837 N.E.2d 965, 966 (Ind.2005); City of New Haven v. Reichhart, 748 N.E.2d 374, 377 (Ind.2001); Martin v. Shea, 463 N.E.2d 1092, 1093 (Ind.1984). In ruling on a motion to dismiss for failure to state a claim, the trial court is required to view the complaint in a light most favorable to the nonmoving party and with every reasonable inference in his favor. King, 837 N.E.2d at 966. We review the trial court’s ruling de novo. Charter One, 865 N.E.2d at 604.
In this case Plaintiffs filed a complaint for declaratory judgment seeking certain documents from Representative Eric Koch. In particular, the complaint recounted three separate requests: the first dated January 16, 2015 requesting “emails, draft records, notes, minutes, scheduling records, text messages, and all other correspondence or records” pertaining to correspondence between Koch and a certain energy company, App. at 7-8; the second *244 dated February 2, 2015 requesting the same information as the first, but included several additional energy companies, App. at 8; the third dated March 9, 2015 requesting “all emails, correspondence, or other documents that pertain to ‘net metering,’ ‘solar energy,’ ‘distributed generation,’ ‘electric fairness,’ or ‘fixed charges,’ created between Koch and ten identified energy companies and energy company lobbyists from September 1, 2014 to the present.” App. at 8. Responding on behalf of Koch, the Chief Counsel of the House Republican Caucus denied each request insisting that APRA “does not apply to the Indiana General Assembly.” App. at 15, 19, 23. With respect to the third request, the Chief Counsel also contended that APRA “excludes from disclosure ... the work product of the individual members and partisan staffs of the General Assembly.” App. at 23.
In response to Plaintiffs’ complaint Defendants filed their motion to dismiss. Here is what they had to say:
2. Plaintiffs’ claims should be dismissed for two separate reasons.
3. First, the judicial decree Plaintiffs seek would interfere with the internal workings of the legislature. Under controlling Indiana Supreme Court authority, Plaintiffs’ claims are non-justiciable and must be dismissed under Rule 12(B)(1).
4. Second, Plaintiffs fail to state a claim upon which judicial relief can be granted under Rule 12(B)(6):
(i) two of the three Plaintiffs lack standing under the Act because they did not file the disputed public-records requests that are the subject of this lawsuit;
(ii) neither Representative Koch and [sic] nor the Caucus is a “public agency” under the Act; and
(iii)the Caucus is not a proper party for the additional reason that the requests at issue here were directed solely at Representative Koch.
App. at 33. As indicated earlier the majority correctly dispensed with Defendants’ first reason. But contrary to the majority’s position, conspicuously absent from Defendants’ second reason is any mention whatsoever of “work product” as a ground for dismissal. Apparently recognizing this omission, the majority attempts to get around it citing authority for the proposition that we “may affirm the grant of a motion to dismiss if it is sustainable on any theory.” Op. at 241 (citation omitted).
Two problems. First the trial court did not grant Defendants’ 12(B)(6) motion to dismiss. Instead the trial court found it unnecessary to address the issue in light of its decision dismissing this case for lack of justiciability. This is not a situation where the trial court granted the 12(B)(6) motion, say for example, on grounds asserted by the Defendants, “neither Representative Koch and [sic] nor the Caucus is a ‘public agency’ under the Act” and this Court agreed with the dismissal outcome, but for different reasons. In essence it cannot be said that in this case the Court is now affirming the trial court’s grant of a motion to dismiss. Second, it is of course true that “an appellate court may affirm a trial court’s judgment on any theory supported by the evidence.” Dowdell v. State, 720 N.E.2d 1146, 1152 (Ind.1999) (emphasis added). But affirming the trial court on an alternative theory is appropriate only “where the parties have addressed themselves to the merits of the theory on which the judgment is ultimately sustained.” Havert v. Caldwell, 452 N.E.2d 154, 157 (Ind.1983) (citation omitted).
There is no question APRA exempts from disclosure “[t]he work product of individual members and the partisan staffs *245 of the general assembly.” Ind.Code § 5-14_3_4(b)(l4). The glaring problem here however is that neither before the trial court, nor indeed even before this Court, did the parties address the merits of this work product exemption. And importantly, in responding to Plaintiffs’ complaint Defendants never alleged a work product exemption or asserted “emails, draft records, notes, minutes, scheduling records, text messages, and all other correspondence or records” fall within the exemption umbrella. It is worth recalling that the question before us is whether Plaintiffs have “state[ed] a claim upon which relief can be granted. ...” Ind. Trial Rule 12(B)(6). Absent evidence the legislature has deemed exempt the specific documents Plaintiffs request, it is plain to me Plaintiffs’ complaint survives Defendants’ 12(B)(6) motion to dismiss.[5] The majority’s ruling is not only premature, but it unfortunately weighs in on a significant separation of powers issue without an adequate record. I would refrain from so doing and instead remand this matter to the trial court for further proceedings.

. It is also worth noting that "work product” has a defined meaning. See, e.g., Outback Steakhouse of Florida, Inc. v. Markley, 856 N.E.2d 65, 78 (Ind.2006) (noting, "[t]he purpose of the [work product] privilege is to protect the mental impressions and legal theories of attorneys and their clients”). Here the majority seems to suggest that no matter the definition, if the legislature simply labels a document as work product then that automatically makes it so and the Court has no say in the matter. This goes too far in my view.