Loretta H. Rush, Chief Justice of Indiana
Before us is the "Verified Petition to Enjoin the Unauthorized Practice of Law" ("Verified Petition"), filed January 26, 2018 by the Indiana Supreme Court Disciplinary Commission ("the Commission"). The Court also considers Respondent Al Taylor's return, filed April 10, despite its substantial noncompliance (as described below) with Indiana Admission and Discipline Rule 24.
The Verified Petition alleges Taylor, who is not a licensed attorney, engaged in the unauthorized practice of law by drafting, filing, and serving documents on behalf of Deanna Vanston in a family-law matter in Lake Superior Court and the Court of Appeals and by sending her a letter about preparation of the transcript in which he provided legal advice. It further alleges that Taylor filed an affidavit in the Court of Appeals stating in part that he had "been hired by Ms. Vanston to do research, mail and file various pleadings, documents, letters, etc. as needed and requested." Vanston's appeal was dismissed in September 2017 because of defects in the appellant's brief. The Verified Petition asks that Respondent be permanently enjoined from such conduct pursuant to Admission and Discipline Rule 24.
Taylor's return is not verified, nor does it "specifically deny or admit each allegation" of the petition, as Rule 24 requires. But it appears Taylor denies drafting the documents in question-he admits (by stating "so what") only that he filed and served at least some of them. He says the Verified Petition's wording "twist[s] the truth" about the affidavit he submitted to the Court of Appeals, but he does not deny submitting it. And he says he does "not recall[ ]" the letter that allegedly gave Vanston legal advice. Taylor stresses he was "not ever paid" and was only helping a family friend "based upon one's own life's experiences and ups and downs" in a way *69 that required no lawyer supervision-and provides an affidavit from Vanston confirming that Taylor is a family friend, and stating that he helped her complete research and delivered documents to the court for her but declined to give legal advice even when asked.
Rule 24 provides in part that the "verified petition and return shall constitute the evidence upon which the issues are decided, unless the court shall deem it necessary to ... appoint a commissioner" for further factfinding. Despite the deficiencies in Taylor's return, we find the evidence sufficient to decide the issues before us without the assistance of a commissioner.
Initially, because Taylor's return is unverified, we ascribe its factual assertions no evidentiary weight. We do, however, give some weight to the relevant portions of Vanston's affidavit, including her testimony that Taylor did not give her legal advice-though we also bear in mind that a non-lawyer may not fully know what acts constitute legal advice.
But it is clear from the record-because Taylor himself declared it under oath to the Court of Appeals, and Vanston likewise declares it here-that Taylor performed legal research on Vanston's behalf without an attorney's supervision. Under these circumstances, legal research is practicing law. See State ex rel. Disciplinary Comm'n. v. Owen , 486 N.E.2d 1012, 1014 (Ind. 1986) (enjoining unauthorized practice by non-lawyer who performed legal research for a prison inmate and advised the inmate about obtaining a transcript for review). Taylor's assertion that he was "not ever paid" for his work is immaterial. Just as "the mere charging of a fee does not transform permissible conduct into the unauthorized practice of law," Charter One Mortg. Corp. v. Condra , 865 N.E.2d 602, 607 (Ind. 2007), neither does unlicensed legal work become permissible if performed for free.
Since Taylor acknowledges one form of unauthorized practice, we need not determine from this limited record the extent to which he also authored the documents he filed and served for Vanston-even though that, too, would constitute unauthorized practice.
Being duly advised, the Court GRANTS the Commission's Verified Petition. Respondent Al Taylor is hereby PERMANENTLY ENJOINED from offering to provide and/or providing legal advice or legal services to others unless and until he obtains a license to practice law in Indiana. This restriction shall not preclude Respondent from seeking employment from, or being employed by, a lawyer or law firm as a non-lawyer assistant, so long as, while doing so, he abides by the terms of this permanent injunction and does not contravene the Indiana Rules of Professional Conduct or Guideline 9 for the Use of Non-Lawyer Assistants.
All Justices concur.