**In the Matter of Douglas W. PATTERSON, Respondent.**

**No. 82S00–0402–DI–90.**

Supreme Court of Indiana.

April 30, 2009.

*PUBLISHED ORDER FINDING RESPONDENT IN CONTEMPT OF COURT AND IMPOSING FINE*

The Court suspended Respondent from the practice of law for no less than three

years beginning July 31, 2008. The Commission filed a "Verified Petition for Rule to Show Cause" on January 5, 2009, asserting Respondent practiced law in this state by representing clients while suspended from the practice of law. The Court issued an order to show cause on January 12, 2009, and Respondent filed a response on January 29, 2009.

Prior to his suspension, Respondent represented two corporations ("Corporations") owned by a husband and wife ("Owners"). On January 18, 2008, he had filed Chapter 11 bankruptcy petitions in the Southern District of Indiana for the Corporations. After Respondent's suspension, a new attorney entered his appearance for the Corporations in the bankruptcies. The Commission asserts that Respondent thereafter represented the Owners personally concerning their liability on certain debts. In particular, Respondent sent a letter to unsecured creditors of the Owners with a workout proposal ("Proposal") and a ballot for voting on the Proposal. Respondent signed the letter purportedly as the "Chief Restructuring Officer" for one of the Corporations.

Respondent admits that he sent the letter and Proposal in question. He contends, however, that any legal work involved in preparation of the Proposal was done prior to the effective date of his suspension. He admits doing the following after his suspension began:

- Proofreading the Proposal.
- Verifying the balances of some unsecured claims, particularly creditors of the corporations with deficiencies guaranteed by the Owners. These calculations could not be done until the amounts paid in the bankruptcies could be determined.
- Communicating with a few creditors who inquired about the status of the Proposal.

- Reviewing the Proposal to ensure accuracy with respect to the Owners' exemption rights.
- Ensuring the Proposal's description of the bankruptcy process was accurate.
- Telling the Owners that the Proposal offered unsecured creditors far more than they would receive if the Owners filed for personal bankruptcy.
- Agreeing to respond to questions by creditors about the Proposal. (No creditors actually contacted him with questions about the Proposal.)
- Forwarding the Proposal to unsecured creditors.

This Court has not attempted to provide a comprehensive definition of what constitutes the practice of law, *see Miller v. Vance*, 463 N.E.2d 250, 251 (Ind.1984), but it is clear the core element of practicing law is the giving of legal advice to a client. *See State ex rel. Indiana State Bar Ass'n v. Northouse*, 848 N.E.2d 668, 672 (Ind. 2006); *State ex rel. Disciplinary Comm'n v. Owen*, 486 N.E.2d 1012, 1013 (Ind.1986). The practice of law includes making it one's business to act for others in legal formalities, negotiations, or proceedings. *See Matter of Mittower*, 693 N.E.2d 555, 558 (Ind.1998). In *Miller v. Vance*, this Court concluded that lay employees of banks were not engaged in the practice of law when performing the routine service of filling in information on standard real estate mortgage forms. *See* 463 N.E.2d at 252. The Court, however, cautioned that a non-attorney "may not give advice or opinions as to the legal effects of the instruments he prepares or the legal rights of the parties." *Id.* at 253.

At least some of the activities Respondent admits he undertook during his suspension constitute the practice of law. The Proposal was not a routine transaction. Respondent's reviewing the Proposal to ensure accuracy with respect to the

Owners' exemption rights, ensuring the Proposal's description of the bankruptcy process was accurate, and advising the Owners that the Proposal offered unsecured creditors more than they would receive if the Owners filed for bankruptcy require detailed knowledge of state exemption law and federal bankruptcy law. Thus, these actions constitute the practice of law under the circumstances of this case.

This Court has inherent and statutory authority to punish contempt of court by fine and imprisonment. *See Matter of Mittower,* 693 N.E.2d 555, 559 (Ind.1998). In determining an appropriate punishment, the Court considers, among other factors, any continuing risk to the public or profession. *See id.* Respondent's violation of the suspension order appears to be limited to a single, now completed transaction. Under the circumstances, the Court concludes that a fine of $500.00 is sufficient discipline for Respondent's contempt of court by practicing law while suspended. The Court will, however, take this incident into consideration if Respondent seeks reinstatement to the practice of law.

The Court therefore ORDERS that Respondent **be fined the sum of five hundred dollars ($500.00).** Respondent shall remit this amount within 60 days of the date of this order to the Clerk of the Indiana Supreme Court, Court of Appeals and Tax Court.

All Justices concur.