**In the Matter of Joseph LEHMAN, Respondent.**

No. 20S00–1508–DI–513.

Supreme Court of Indiana.

Oct. 7, 2015.

*PUBLISHED ORDER FINDING RESPONDENT IN CONTEMPT OF COURT AND IMPOSING FINE*

The Court suspended Respondent from the practice of law for no less than two years beginning April 3, 2014. The Commission filed a "Verified Petition for Rule to Show Cause" on August 31, asserting Respondent practiced law in this State while suspended from the practice of law. Specifically, the Commission alleges Respondent entered his appearance as counsel for the mother in a paternity action on or about the date his active suspension began, and, two months later (after the court had ordered Respondent's appearance be withdrawn due to his suspension), Respondent filed with the court a minute entry purporting to represent the mother as her "translator" and requesting a final hearing be set. The Court issued an order to show cause on September 1, 2015, and Respondent filed a response on September 10. Respondent largely does not dispute the salient facts but denies those facts constitute the practice of law in violation of his suspension.

This Court has not attempted to provide a comprehensive definition of what constitutes the practice of law. *See Matter of Patterson*, 907 N.E.2d 970, 971 (Ind.2009). Nevertheless, it is well-established that the "practice of law includes making it one's business to act for others in legal formalities, negotiations, or proceedings." *Id.* (citing *Matter of Mittower*, 693 N.E.2d 555, 558 (Ind.1998)).

It is not entirely clear from the parties' submissions whether Respondent's initial filings in the paternity action as counsel for the mother occurred on the first day of Respondent's suspension or on the previous day. However, we conclude that the minute entry requesting a final hearing, which Respondent filed on the mother's behalf purportedly as her "translator," unquestionably constitutes the practice of law during his suspension. Accordingly, we find that Respondent is guilty of indirect contempt of this Court.

This Court has inherent and statutory authority to punish contempt of court by fine and imprisonment. *Mittower*, 693 N.E.2d at 559. Under the circumstances, the Court concludes that a fine of $500 is appropriate discipline for the contempt in this particular case.

The Court therefore ORDERS that **Respondent be fined the sum of $500.** Respondent shall remit this amount within 60 days of the date of this order to the Clerk of the Indiana Supreme Court, Court of Appeals, and Tax Court.

The costs of this proceeding are assessed against Respondent.

All Justices concur.