RESPONDENT PRO SE
Joseph C. Lehman
Goshen, Indiana

ATTORNEYS FOR THE INDIANA SUPREME COURT
DISCIPLINARY COMMISSION
G. Michael Witte, Executive Secretary
Aaron Johnson, Staff Attorney
Indianapolis, Indiana

FILED

Jul 21 2016, 10:32 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

# In the
# Indiana Supreme Court

No. 20S00-1507-DI-431

IN THE MATTER OF:

JOSEPH C. LEHMAN,

*Respondent.*

Attorney Discipline Action
Hearing Officer David L. Chidester

**July 21, 2016**

**Per Curiam.**

We find that Respondent, Joseph Lehman, engaged in conduct in contempt of this Court by repeatedly engaging in the practice of law while suspended. For his contempt, we conclude that Respondent should be disbarred.

This matter is before the Court on the report of the hearing officer appointed by this Court to hear evidence on the Indiana Supreme Court Disciplinary Commission's "Verified Petition for Rule to Show Cause." Respondent's 1991 admission to this state's bar and his unauthorized practice of law in this state while suspended subject him to this Court's disciplinary jurisdiction. *See* IND. CONST. art. 7, § 4.

## Discussion

By order of February 19, 2014, this Court suspended Respondent from the practice of law for not less than two years, effective April 3, 2014, for repeated violations of multiple rules governing professional conduct. Respondent's misconduct included systemic negligence in client representations, improper disposal of closed files resulting in the disclosure of confidential information, improper trust account management, and numerous judicial findings of contempt for failing to appear at hearings. *See* Matter of Lehman, 3 N.E.3d 536 (Ind. 2014). He has not sought reinstatement.

On or about the date his active suspension began, Respondent entered his appearance as counsel for the mother in a paternity action. Two months later, after the paternity court had ordered Respondent's appearance be withdrawn due to his suspension, Respondent filed with the court a minute entry purporting to represent the mother as her "translator" and requesting a final hearing be set. As a result of that conduct, we issued an order finding Respondent in contempt and ordering Respondent to pay a fine of $500 within sixty days. Matter of Lehman, ___ N.E.3d ___, 2015 WL 10844474 (Ind. Oct. 7, 2015). Respondent has not paid that fine.

On July 22, 2015, the Commission filed another verified petition for rule to show cause against Respondent, alleging that in separate instances during the fall of 2014, Respondent provided legal consultation to two individuals, and sought and received payment from those individuals in return. We appointed a hearing officer to hear the matter.[1] The hearing officer filed his "Findings of Fact and Recommendation of Sanction" on March 15, 2016. Neither party has filed a petition for review of those findings or a brief on sanctions. We accept and adopt the hearing officer's findings that Respondent violated this Court's order suspending him from the practice of law.

---

[1] Separately, Respondent was criminally charged with, and found guilty of, three counts of unauthorized practice of law in connection with these acts and others. The Court of Appeals recently affirmed Respondent's convictions. Lehman v. State, ___ N.E.3d ___, 2016 WL 3058293 (Ind. Ct. App. May 31, 2016), *trans. pending*.

The sanctions this Court may impose for contempt include ordering a fine, disgorgement of ill-gotten gains, imprisonment, and extension of an attorney's suspension or removal from practice. *See* Matter of Hurtt, 43 N.E.3d 567 (Ind. 2015); Matter of Haigh, 7 N.E.3d 980 (Ind. 2014). Respondent's repeated contemptuous acts over the years have resulted in fines, imprisonment, and the suspension of his law license. None of the sanctions previously imposed has deterred Respondent from continuing to engage in the practice of law in defiance of his suspension order, and Respondent's repeated violations of that order have exposed the public to the danger of misconduct by an attorney who has yet to prove his remorse, rehabilitation, and fitness to practice law through the reinstatement process. Under these circumstances, the Court concludes that disbarment is warranted.

**Conclusion**

The Court concludes that Respondent engaged in conduct in contempt of this Court by practicing law on multiple occasions while suspended. For Respondent's contempt, the Court disbars Respondent from the practice of law in this state, effective immediately. Respondent shall fulfill all the duties of a disbarred attorney under Admission and Discipline Rule 23(26). The costs of this proceeding are assessed against Respondent, and the hearing officer appointed in this case is discharged.

All Justices concur.